# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERRY WASHINGTON, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>FRESNO COUNTY, et al.,<br><br>    Defendants. | Case No.  1:14 -cv-00129-AWI-SAB<br><br>ORDER GRANTING ANTHONIA WASHINGTON'S APPLICATION TO PROCEED IN FORMA PAUPERIS; REQUIRING PLAINTIFF PERRY WASHINGTON TO FILE AN APPLICATION TO PROCEED IN FORMA PAUPERIS; AND STRIKING UNSIGNED COMPLAINT<br><br>(ECF Nos. 1, 3)<br><br>THIRTY-DAY DEADLINE |

Plaintiffs Perry Washington and Anthonia Washington filed an unsigned complaint seeking injunctive relief pursuant to 42 U.S.C. § 1983, and Plaintiff Anthonia Washington filed an application to proceed in forma pauperis on January 29, 2014. (ECF No. 1, 3.)  The Court shall strike Plaintiffs' complaint as it is unsigned, grant Plaintiff Anthonia Washington's application to proceed in forma pauperis and require Plaintiff Perry Washington to file an application to proceed in forma pauperis.

**I.**

**COMPLAINT**

Plaintiffs have submitted an unsigned complaint, along with a signed letter addressed to Judge Simpson of the Fresno County Superior Court.  Initially, unsigned documents cannot be

1

considered by the Court, and Plaintiffs' complaint shall be stricken from the record on that ground.  Fed. R. Civ. P. 11(a); Local Rule 131(b).

Plaintiffs are advised that Local Rule 131 of the Eastern District of California requires that all pleadings "be signed by the . . . . party involved if that party is appearing in propria persona."  Plaintiff Anthonia Washington is proceeding pro se and as such has no authority to appear on behalf of other individuals.  If Plaintiffs decide to file a complaint, it must be signed by both Plaintiffs.

The Court provides Plaintiffs with the following legal standards to assist them in filing their complaint.

### A. Defendant Liability

Section 1983 provides a cause of action for the violation of a plaintiff's constitutional or other federal rights by persons acting under color of state law.  Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  "The United States Constitution protects individual rights only from government action, not from private action."  Single Moms, Inc. v. Montana Power Co., 331 F.3d 743, 746 (9th Cir. 2003) (emphasis in original).

Further, liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior.  Ashcroft v. Iqbal, 5556 U.S. 662, 677 (2009); Jones, 297 F.3d at 934.  Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them."  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

To state a claim, each plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights.  Iqbal, 129 S.Ct. at 1949; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.  This requires sufficient factual allegations in

1 the complaint to link each defendant to some act or failure to act that violated the plaintiff's
2 rights.  Further, except in limited circumstances a "litigant must normally assert his own legal
3 interests rather than those of third parties."  McCollum v. California Dep't of Corrections and
4 Rehabilitation, 647 F.3d 870, 878 (9th Cir. 2011).

**B.    Joinder**

Plaintiffs may not bring unrelated claims against unrelated parties in a single action.  Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).  A plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact.  Fed. R. Civ. P. 20(a)(2); Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997); Desert Empire Bank v. Insurance Co. of North America, 623 F.3d 1371, 1375 (9th Cir. 1980).  Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

**C.    Injunctive Relief**

"A preliminary injunction is an extraordinary remedy never awarded as of right."  Winter v. Natural Resources Defense Council, Inc., 129 S. Ct. 365, 376 (2008) (citation omitted).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 877 (9th Cir. 2009) quoting Winter, 129 S. Ct. at 374.  An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief.  Winter, 129 S. Ct. at 376 (citation omitted) (emphasis added).

For each form of relief sought in federal court, Plaintiff must establish standing. Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010), cert.denied, 131 S. Ct. 503 (2010). This requires Plaintiff to "show that he is under threat of suffering 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it

1  must be fairly traceable to challenged conduct of the defendant; and it must be likely that a
2  favorable judicial decision will prevent or redress the injury." Summers v. Earth Island Institute,
3  129 S. Ct. 1142, 1149 (2009) (citation omitted); Mayfield, 599 F.3d at 969 (citation omitted).

4      In addition, any award of equitable relief is governed by the Prison Litigation Reform
5  Act, which provides in relevant part, "[p]rospective relief in any civil action with respect to
6  prison conditions shall extend no further than necessary to correct the violation of the Federal
7  right of a particular plaintiff or plaintiffs.  The court shall not grant or approve any prospective
8  relief unless the court finds that such relief is narrowly drawn, extends no further than necessary
9  to correct the violation of the Federal right, and is the least intrusive means necessary to correct
10 the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A).

## II.

## APPLICATION TO PROCEED IN FORMA PAUPERIS

13     All parties instituting any civil action, are required to pay a filing fee of $400. See 28
14 U.S.C. § 1914(a).  Additionally, since Plaintiff Perry Washington is incarcerated his application
15 to proceed in forma pauperis would be pursuant to 28 U.S.C. § 1915(b); and he is required to pay
16 the full amount of the filing through deductions to his prison trust account.

17     An action may only proceed despite the failure to pay a filing fee if the party is granted in
18 forma pauperis status.  Rodriguez v. Cook, 169 F.3d 1176, 1177 (9th Cir. 1999).  All parties
19 seeking to proceed in forma pauperis must qualify for in forma pauperis status.  Anderson v.
20 California, No. 3:10-cv-02216-MMA (AJB), 2010 WL 4316996, at *1 (S.D. Cal. Oct. 27, 2010).

21     Plaintiff Anthonia Washington's application demonstrates entitlement to proceed without
22 prepayment of fees.  Accordingly, the Court shall grant Plaintiff Anthonia Washington's motion
23 to proceed in forma pauperis and order Plaintiff Perry Washington to file an application to
24 proceed in forma pauperis.

## III.

## CONCLUSION AND ORDER

27     Based on the foregoing, IT IS HEREBY ORDERED that:
28     1.    The Clerk's office is DIRECTED to send Plaintiffs a prisoner application to

proceed in forma pauperis and a civil rights complaint form;

2. Within **thirty (30) days** from the date of service of this order, Plaintiff Perry Washington shall file the attached application to proceed in forma pauperis, completed and signed, or in the alternative, pay the $400.00 filing fee for this action;

3. Plaintiff Anthonia Washington's application to proceed in forma pauperis is GRANTED;

4. Notwithstanding this order, the Court does not direct that service be undertaken until a complaint is filed, and the Court screens the complaint in due course and issues its screening order;

5. Plaintiffs' unsigned complaint, filed January 29, 2014, is STRICKEN FROM THE RECORD;

6. Within thirty (30) days from the date of service of this order, Plaintiffs shall file a complaint that complies with the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of California; and

7. If Plaintiffs fail to file a complaint in compliance with this order, this action shall be dismissed.

IT IS SO ORDERED.

Dated: **February 3, 2014**

UNITED STATES MAGISTRATE JUDGE