# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERRY WASHINGTON, et al, <br><br>　　　　Plaintiffs, <br><br>　　v. <br><br>FRESNO COUNTY SHERIFF, et al., <br><br>　　　　Defendants. | Case No.  1:14-cv-00129-AWI-SAB <br><br> ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM AND DENYING PLAINTIFFS' MOTIONS <br><br>(ECF Nos. 5, 6) <br><br>THIRTY-DAY DEADLINE |

## I.

## PROCEDURAL HISTORY

On January 29, 2014, Plaintiffs Perry Washington and Anthonia Washington filed an unsigned complaint in this action. (ECF No. 1.) An order issued on February 3, 2014, striking the unsigned complaint and providing Plaintiffs with the legal standards that would apply to a civil rights complaint pursuant to 42 U.S.C. § 1983. (ECF No. 4.) On February 11, 2014, Anthonia Washington, proceeding pro se and in forma pauperis filed a civil rights complaint pursuant to 42 U.S.C. § 1983 and two motions seeking injunctive relief, discovery, and to proceed in this action without the signature of Plaintiff Perry Washington. (ECF Nos. 5, 6.)

///

///

## II.

## SCREENING REQUIREMENT

Pursuant to 28 U.S.C. § 1915(e)(2), the Court must dismiss a case if at any time the Court determines that the complaint fails to state a claim upon which relief may be granted. In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

## III.

## COMPLAINT ALLEGATIONS

Anthonia Washington alleges that, between 1989 and 2014, she and Perry Washington have routinely been denied the right to use civil process to address problems, such as property damage, slander, verbal abuse, racial slurs, physical assaults, and vandalism. (Compl. 1-2, ECF No. 6.) Plaintiff contends that there have been several attempts at arson and eventually their house was burned down. Plaintiff states that reports were made on-line, but physical evidence was not processed and the perpetrators of the crimes were not investigated. Plaintiff contends that the failure to investigate and prosecute individuals is the result of race and disability

1  discrimination. (Id. at 2.)

2  Plaintiff contends that hate groups have been terrorizing her family for years and they
3  have been denied the right to report the crimes, have the perpetrators investigated or punished
4  and they have suffered harm to their property and their finances. (Id. at 2-3.) Plaintiff alleges
5  that this discrimination involves many different departments and many different situations, but
6  the discriminatory pattern is consistent. (Id. at 3-4.)

7  Plaintiff states that they have been told by staff members that Fresno County can force
8  them to leave Fresno County. When they attempted to seek relief in Superior Court, they were
9  threatened and one of them was arrested, jailed, beaten, and told to drop the lawsuit. (Id. at 4.)

10  For the reasons set forth below, Plaintiff's complaint fails to state a cognizable claim for
11  relief for a violation of their federal rights. Plaintiffs shall be granted one final opportunity to
12  file an amended complaint to correct the deficiencies identified in this order.

13  **IV.**

14  **DISCUSSION**

15  **A.    Linkage**

16  As Plaintiffs were previously informed, under section 1983, they are required to show
17  that (1) each defendant acted under color of state law and (2) each defendant deprived them of
18  rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d
19  1178, 1185 (9th Cir. 2006). To state a claim, each Plaintiff must demonstrate that each
20  defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d
21  930, 934 (9th Cir. 2002). There is no respondeat superior liability under section 1983, and
22  therefore, each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 677.

23  In this instance, Plaintiff has not linked any defendant to any acts or omissions that
24  purportedly led to the violation of their constitutional rights. While Plaintiff alleges that they
25  have been discriminated against based upon race and disability, these general assertions do not
26  suffice to show that Plaintiffs' constitutional rights were violated by any state actor. Iqbal, 556
27  U.S. at 678-79.

28  Plaintiffs do not need to make their complaint lengthy, Fed. R. Civ. P. 8(a)(2), but it must

1 specify what each defendant did or did not do that led to the violation of the plaintiff's rights.
2 Conclusory assertions of personal involvement or liability will not suffice. Iqbal at 678-79. In
3 other words, to state a cognizable claim, Plaintiffs must set forth the specific defendants that they
4 are alleging violated their rights and state sufficient factual allegations to show what the
5 defendant did or did not do to violate Plaintiffs' rights.

**B.     Joinder**

Further, as Plaintiffs were also previously advised, Plaintiffs may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiffs may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997); Desert Empire Bank v. Insurance Co. of North America, 623 F.3d 1371, 1375 (9th Cir. 1980). Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

**C.     Equal Protection**

Plaintiff contends that they have been discriminated against based upon their race and disability. The Equal Protection Clause requires that all persons who are similarly situated should be treated alike. Lee v. City of Los Angeles, 250 F.3d 668, 686 (2001); City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 439 (1985). An equal protection claim may be established by showing that the defendant intentionally discriminated against the plaintiff based on the plaintiff's membership in a protected class, Lee, 250 F.3d at 686; Barren v. Harrington, 152 F.3d 1193, 1194 (1998), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (2005); Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000). To succeed on an equal protection claim, the plaintiff must show that the defendant acted in a discriminatory manner and the discrimination was intentional. Reese v. Jefferson

1 School Dist. No. 14J, 208 F.3d 736, 740 (9th Cir. 2000).

2     While the complaint alleges that Plaintiffs have been discriminated against based upon race and disability, it does not contain any information regarding Plaintiffs' race or any alleged disabilities. To state a claim for a violation of the equal protection clause based upon race, Plaintiffs must allege sufficient facts to show that they are a member of a protected class and that the defendants have intentionally discriminated against them based upon their membership in that protected class. Lee, 250 F.3d at 686. Alternately, Plaintiffs can state a claim by showing that similarly situated individuals were treated differently than they were. Thornton, 425 F.3d at 1167. Under either theory, Plaintiffs must show intentional discrimination. Reese, 208 F.3d at 740. Conclusory allegations will not suffice, and Plaintiffs' complaint must contain sufficient factual allegations to state a plausible claim that any alleged action or inaction by each defendant was due to intentional discrimination. Iqbal, 556 U.S. at 678.

**V.**

**MOTIONS FOR PRETRIAL RELIEF**

Plaintiff Anthonia Washington is seeking orders to compel the Fresno County Sheriff to 1) produce Perry Washington in Federal Court to sign a copy of the in forma pauperis application; 2) to produce a copy of all video, voice, and any other type of information related to Perry Washington; and 3) for the Court to accept all filings without Perry Washington's signature until he is produced in Federal Court.

    **A.**    **Motion for Order to Produce Perry Washington**

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 129 S. Ct. 365, 376 (2008) (citation omitted). "A court may grant a preliminary injunction only if the plaintiff establishes four elements: (1) likelihood of success on the merits; (2) likelihood of suffering irreparable harm absent a preliminary injunction; (3) the balance of equities tips in plaintiff's favor; and (4) injunctive relief is in the public interest." Leigh v. Salazar, 677 F.3d 892, 896 (2012); Alliance for Wild Rockies v. Cottrell, 622 F.3d 1045, 1049 (9th Cir. 2010). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. Winter, 129 S. Ct. at 376 (citation

omitted).

Additionally, for each form of relief sought in federal court, Plaintiff must establish standing. Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010), cert.denied, 131 S. Ct. 503 (2010). This requires Plaintiff to "show that he is under threat of suffering 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury." Summers v. Earth Island Institute, 129 S. Ct. 1142, 1149 (2009) (citation omitted); Mayfield, 599 F.3d at 969 (citation omitted).

Finally, as Perry Washington is currently in custody, any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part, "[p]rospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A).

The Court is dismissing Plaintiffs' complaint, with leave to amend. Until Plaintiffs file an amended complaint and the Court is able to determine which claims are cognizable and appropriately raised in this action, the Court lacks jurisdiction to issue any injunctive relief. 18 U.S.C. § 3626(a)(1)(A); Mayfield, 599 F.3d at 969. Plaintiff's request to have Perry Washington produced in Federal Court is denied for lack of jurisdiction.

**B.    Motion for Discovery**

Once the Court screens Plaintiffs' complaint and finds that it states a cognizable claim, an order will issue setting a mandatory scheduling conference. After the mandatory scheduling conference, an order will issue setting dates to conduct discovery in this action. No discovery may be conducted, without permission from the Court, until an answer is filed and the Court issues an order opening discovery. Plaintiffs' motion to compel production of discovery in this

action is denied as premature.

### C. Motion to Proceed without Plaintiff Perry Washington's Signature

Standing raises both constitutional and prudential concerns incident to the federal court's exercise of jurisdiction. Coalition of Clergy, Lawyers, and Professionals v. Bush, 310 F.3d 1153, 1157 (9th Cir. 2002). A prudential principle of standing is that normally a plaintiff must assert his own legal rights rather than those of third parties. Oregon v. Legal Services Corp., 552 F.3d 965, 971 (9th Cir. 2009); Fleck and Associates, Inc. v. Phoenix, 471 F.3d 1100, 1104 (9th Cir. 2006.) In some circumstances a litigant may seek relief for third persons, however, the litigant must demonstrate 1) the litigant suffered an injury in fact; 2) that there is a close relationship between the litigant and the individual who possesses the right that the litigant is asserting; and 3) there is a hindrance to the individual's ability to assert his own rights. Coalition of Clergy, Lawyers, and Professionals, 310 F.3d at 1163; Fleck and Associates, Inc., 471 F.3d at 1105 n.3; McCollum v. California Dep't of Corrections and Rehabilitation, 647 F.3d 870, 878 (9th Cir. 2011).

Further, Local Rule 131 of the Eastern District of California requires that all pleadings "be signed by the . . . . party involved if that party is appearing in propria persona." In this instance, if Perry Washington wishes to pursue claims for violations of his federal rights, he must also sign the complaint. Anthonia Washington has not set forth facts to show Perry Washington is unable to assert his own legal rights. As this Court is well aware, the fact that an individual is incarcerated does not preclude him from filing complaints to vindicate his rights. Plaintiff's request to proceed without Plaintiff Perry Washington's signature is denied.

## VI.

## CONCLUSION AND ORDER

For the reasons stated, Plaintiff's complaint does not state a cognizable claim for relief for a violation of their constitutional rights. Plaintiffs are granted one final leave to file an amended complaint within thirty days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiffs may not change the nature of this suit by adding new, unrelated claims in the amended complaint. George, 507 F.3d at 607 (7th Cir. 2007).

1   Plaintiffs' amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what
2 each named defendant did that led to the deprivation of Plaintiffs' constitutional or other federal
3 rights, Iqbal, 556 U.S. at 678.  "The inquiry into causation must be individualized and focus on
4 the duties and responsibilities of each individual defendant whose acts or omissions are alleged
5 to have caused a constitutional deprivation."  Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).
6 Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief
7 above the speculative level . . . ."  Twombly, 550 U.S. at 555 (citations omitted).

8   Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana,
9 Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987),
10 and must be "complete in itself without reference to the prior or superseded pleading," Local
11 Rule 220.

12   Based on the foregoing, it is HEREBY ORDERED that:
13   1.   Plaintiffs' complaint, filed February 11, 2014, is DISMISSED for failure to state a
14        claim upon which relief may be granted under section 1983;
15   2.   Plaintiff's motion to produce Perry Washington is DENIED due to lack of
16        jurisdiction;
17   3.   Plaintiff's motion to compel discovery is DENIED as premature;
18   4.   Plaintiff's motion to proceed without Perry Washington's signature is DENIED;
19   5.   Within **thirty (30) days** from the date of service of this order, Plaintiffs shall file
20        an amended complaint; and
21   6.   If Plaintiffs fail to file an amended complaint in compliance with this order, this
22        action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **February 18, 2014**

UNITED STATES MAGISTRATE JUDGE

8