# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| PERRY WASHINGTON, et al, | Case No. 1:14-cv-00129-AWI-SAB |
|---|---|
| Plaintiffs, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING CERTAIN DEFENDANTS |
| v. | |
| FRESNO COUNTY SHERIFF, et al., | (ECF No. 11) |
| Defendants. | OBJECTIONS DUE WITHIN THIRTY DAYS |

**I.**

**PROCEDURAL HISTORY**

Plaintiffs Perry Washington and Anthonia Washington ("Plaintiffs") filed this action on January 29, 2014. (ECF No. 1.) On February 3, 2014, the complaint was stricken as being unsigned and Plaintiffs filed a complaint signed by Anthonia Washington on February 11, 2014. (ECF Nos. 4, 6.) On February 18, 2014, the complaint was screened by the undersigned and dismissed with leave to amend. (ECF No. 7.)

On February 25, 2014, Anthonia Washington filed a first amended complaint signed by herself and her mother. (ECF No. 14.) On April 2, 2014, Plaintiffs refiled the first amended complaint that included the signature of Perry Washington and an order issued striking the complaint filed February 25, 2014. (ECF Nos. 22, 23.)

**II.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a

1

governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief."[1] 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## III.

## FIRST AMENDED COMPLAINT ALLEGATIONS

Plaintiffs bring this action against Fresno County and the Fresno County Sheriff Department alleging violations of the First, Fourth, Eighth, and Fourteenth Amendments.[2]

---

[1] Additionally, pursuant to 28 U.S.C. § 1915(e)(2), the Court must dismiss a case if at any time the Court determines that the complaint fails to state a claim upon which relief may be granted.

[2] Plaintiffs' mother, Peryna Washington, also is listed as a Plaintiff on the pleading, however she has not paid a filing fee or submitted an application to proceed in forma pauperis in this action. Further, there are no allegations of any acts or failures to act by any named defendant that would implicate the rights of Peryna Washington.

Plaintiffs allege that due to lawsuits filed against the Fresno County SPCA in 2012, Fresno County responded in an unlawful way and used many other branches of and departments within Fresno County. While in the custody of the Fresno County Sheriff Department at the Fresno County Jail, Perry Washington was illegally beat up and threatened to drop his 2012 lawsuit. (First Am. Compl. 6, ECF No. 11.)

After a trial in the SPCA suit, the Fresno County District Attorney reinstated charges that had been dropped against Perry Washington and arrested him. Anthonia Washington had to pay a $400.00 fine and was threatened with a case the Fresno County District Attorney had previously decided to dismiss. (Id.)

Plaintiffs allege that Perry Washington was late for a hearing and went to jail on January 21, 2014.[3] (Id. at 7.) While in custody, Perry Washington asked to be removed from his cell because he was being threatened by his cellmate. The officer refused to move Perry Washington to another cell or give him a grievance form. (Id.) Perry Washington was attacked by a group of inmates and an unidentified officer refused to come when Perry Washington hit the emergency button. Perry Washington was beaten and his eye was punctured. The unidentified officer threw the grievance form down in Perry Washington's blood and said, "This is what happens to people who ask for grievance forms." (Id.)

The complaint alleges that "many other incidents of torture, sexual abuse, theft, and withholding paperwork and medical care happened to Perry Washington." (Id. at 7.) The Fresno County Sheriff refuses to allow Anthonia Washington or her mother to take Perry Washington the proper paperwork to sue Fresno County regarding his treatment. For that reason, Anthonia Washington and her mother are suing on behalf of Perry Washington. (Id. at 7-8.)

**IV.**

**DISCUSSION**

Plaintiffs' complaint generally alleges violations of the First, Fourth, Eighth, and

---

[3] While the complaint alleges that Perry Washington is in jail for being late for a court hearing, a review of the Fresno County Inmate Search shows he is in custody on one felony and five misdemeanor warrants. Fresno County Sheriff's Office, Inmate Search, http://www.fresnosheriff.org/records/inmate-search.html (last visited April 4, 2014).

Fourteenth Amendments without identifying what acts or failures to act were the substance of any specific Constitutional violation. The Court will attempt to address the allegations as they could potentially apply to the various Constitutional Amendments.

**A.    Linkage**

As Plaintiffs have been informed on two occasions, under section 1983, they are required to show that (1) each defendant acted under color of state law and (2) each defendant deprived them of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). There is no respondeat superior liability under section 1983, and therefore, each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 677. To state a claim, each Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiffs' complaint is largely devoid of any factual allegations sufficient to link any defendant to the acts alleged.

Further, a local government unit may not be held responsible for the acts of its employees under a respondeat superior theory of liability. Monell v. Department of Social Services, 436 U.S. 658, 691 (1978). Rather, a local government unit may only be held liable if it inflicts the injury complained of through a policy or custom. Waggy v. Spokane County Washington, 594 F.3d 707, 713 (9th Cir. 2010).

Here, Plaintiffs' allegation that, due to a lawsuit that was filed against the SPCA, Fresno County responded in an unlawful way and used many other branches of and departments within Fresno County does not identify any defendant or act or failure to act that would violate the plaintiffs' rights, nor does it suggest a policy or custom that would impose municipal liability. Similarly, the conclusory allegations that many other incidents of torture, sexual abuse, theft, and withholding of medical care and paperwork occurred are insufficient to state a cognizable claim.

**B.    Joinder**

Additionally, as Plaintiffs were previously informed, they may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiffs may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are common questions of law or fact. Fed. R. Civ. P. 20(a)(2); Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997); Desert Empire Bank v. Insurance Co. of North America, 623 F.3d 1371, 1375 (9th Cir. 1980).

In this instance, Plaintiffs are attempting to bring multiple unrelated claims alleging actions by employees of Fresno County that occurred over a period of several years. Even if all these acts were committed by Fresno County employees, that does not make the incidents related. In this instance, Plaintiffs' claims do not arise out to the same transaction or occurrence or series of transactions or occurrences, nor are there common questions of law or fact. For that reason, Plaintiffs' claims may not proceed together in this action.

As discussed below, Perry Washington states a claim based upon the 2014 incident in which he was assaulted by inmates while in the custody of the Fresno County Jail. All other unrelated claims are improperly joined in this action and should be dismissed.

### C. Prosecutorial/Judicial Immunity

Plaintiffs allege that after a trial in the SPCA suit, the Fresno County District Attorney reinstated charges that had been dropped against Perry Washington and he was arrested; and Anthonia Washington had to pay a $400.00 fine. To the extent that Plaintiffs attempt to state a claim based upon the decision to prosecute them or the imposition of the fine, judges and those who perform "judge-like functions are absolutely immune from damage liability for acts performed in their official capacities." Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986). Judicial immunity applies even if the judicial officer "takes actions which are in error, are done maliciously, or are in excess of his authority." Meek v. County of Riverside, 183 F.3d 962, 965 (9th Cir. 1999).

Similarly, prosecutors are immune from liability under 42 U.S.C. § 1983. See Imbler v. Pactman, 424 U.S. 409, 427 (1976); see also Olsen v. Idaho State Bd. of Medicine, 363 F.3d 916, 922 (9th Cir.2004) ("Absolute immunity is generally accorded to judges and prosecutors functioning in their official capacities"); Ashelman, 793 F.2d at 1075 (holding that judges and

1 prosecutors are immune from liability for damages under section 1983). Where a prosecutor acts 2 within his authority " 'in initiating a prosecution and in presenting the state's case,' absolute 3 immunity applies." Ashelman, 793 F.2d at 1076 (quoting Imbler, 424 U.S. at 431). The judge 4 and district attorney are entitled to absolute immunity for actions taken during the prosecution of 5 Plaintiffs.

**D. Fourteenth/Eighth Amendment Claim**

7 Plaintiffs' complaint does not state whether Perry Washington is a pretrial detainee or a 8 prisoner, however it appears that he is a pretrial detainee. State pretrial detainees "are protected 9 by the Fourteenth Amendment's Due Process Clause, as well as specific substantive guarantees 10 of the federal Constitution, such as the First and Eighth Amendments. Under the Due Process 11 Clause, detainees have a right against jail conditions or restrictions that 'amount to punishment.' 12 This standard differs significantly from the standard relevant to convicted prisoners, who may be 13 subject to punishment so long as it does not violate the Eighth Amendment's bar against cruel 14 and unusual punishment. " Pierce v. County of Orange, 526 F.3d 1190, 1205 (9th Cir. 2008) 15 (internal citations omitted). However, the Eighth Amendment's deliberate indifference standard 16 sets the minimum standard of care due pretrial detainees. Oregon Advocacy Center v. Mink, 322 17 F.3d 1101, 1120 (9th Cir. 2003).

18 To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison 19 conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 20 452 U.S. 337, 347 (1981). Prison officials are required "to take reasonable steps to protect 21 inmates from physical abuse." Hoptowit v. Ray, 682 F.2d 1237, 1250 (9th Cir. 1982) (abrogated 22 on other grounds by Sandin v. O'Connor, 515 U.S. 472 (1995)). To state a claim the plaintiff 23 must show that the defendants acted with deliberate indifference. Thomas v. Ponder, 611 F.3d 24 1144, 1150 (9th Cir. 2010) (citations omitted). Deliberate indifference requires a showing that 25 "prison officials were aware of a "substantial risk of serious harm" to an inmate's health or 26 safety and that there was no "reasonable justification for the deprivation, in spite of that risk." 27 Id. (quoting Farmer v. Brennan, 511 U.S. 825, 837, 844, (1994)).

28 Perry Washington alleges two unrelated incidents that occurred while he was housed in

the Fresno County Jail. Initially, Plaintiff claims that while in custody in 2012, he was illegally beat up and threatened to drop his 2012 lawsuit. Plaintiff fails to allege sufficient facts to determine who was involved in this incident or if the individuals who assaulted Perry Washington were state actors and for that reason the allegation fails to state a claim. This incident which occurred in 2012 is unrelated to the second claim that two years later, in 2014, an unidentified officer failed to respond to Perry Washington's request to be moved due to threats from his cellmates and he was beaten by inmates. Accordingly, these claims may not proceed in the same action.

Perry Washington's allegations that an unidentified officer refused to move him in response to his complaints that he was being threatened by his cellmates; he was subsequently beaten by the inmates; and the officer refused to respond to the emergency button is sufficient to state a claim against the Doe Defendant.

### E. **First Amendment Retaliation**

To the extent that Plaintiffs attempt to allege retaliation, the first amended complaint fails to state a cognizable claim. "Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)). Also protected by the First Amendment is the right to pursue civil rights litigation in federal court without retaliation. Silva v. Di Vittorio, 658 F.3d 1090, 1104 (9th Cir. 2011). "[A] viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Plaintiff's complaint fails to show that any adverse action was taken against him because of protected conduct. Even assuming that the Doe Defendant made the statement alleged, the allegations do not state a plausible claim any state actor was involved in the assault by the inmates.

### F. Third Party Standing

Anthonia Washington alleges the Fresno County Sheriff refuses to allow her or her mother to take Perry Washington the proper paperwork to sue Fresno County regarding his treatment and for this reason she is suing on his behalf. As Plaintiffs were previously advised, in some circumstances a litigant may seek relief for third persons, however, the litigant must demonstrate 1) the litigant suffered an injury in fact; 2) that there is a close relationship between the litigant and the individual who possesses the right that the litigant is asserting; and 3) there is a hindrance to the individual's ability to assert his own rights. Coalition of Clergy, Lawyers, and Professionals, 310 F.3d at 1163; Fleck and Associates, Inc., 471 F.3d at 1105 n.3; McCollum v. California Dep't of Corrections and Rehabilitation, 647 F.3d 870, 878 (9th Cir. 2011).

Anthonia Washington has not set forth facts to show that Perry Washington is unable to assert his own legal rights. As this Court is well aware, the fact that an individual is incarcerated does not preclude him from filing complaints to vindicate his rights. The Court recommends that Anthonia Washington be dismissed from this action.

## V.

## PLAINTIFFS' PRETRIAL MOTION REQUEST

Plaintiffs filed a "pretrial motion request" on February 28, 2014, seeking an investigator to go to the Fresno County Jail; for Perry Washington to be moved to federal custody; and for this action to proceed as a class action so they can determine if there is a pattern of discrimination based on race or having filed suit against the County of Fresno.

### A. Request for Investigator

Plaintiffs request an investigator to go to Fresno County Jail to investigate their claim that the Fresno County Sheriff is interfering with the federal investigation by threatening to electrocute Perry Washington if he is summoned to court to sign papers to institute a lawsuit against the County of Fresno. Plaintiffs request the investigator take pictures of all guards so Perry Washington can identify the individuals who made the threats.

Plaintiffs have been granted leave to proceed in this action in forma pauperis pursuant to 28 U.S.C. § 1915. The expenditure of public funds on behalf of an indigent litigant is only

8

proper where authorized by Congress. Tedder v. Odel, 890 F.2d 210 (9th Cir. 1989). The in forma pauperis statute does not authorize the expenditure of public funds for investigators. Plaintiffs' request for an investigator should be denied.

### B.     Request to Proceed as Class Action

Plaintiffs request that this action proceed as a class action. Plaintiffs are not attorneys and are proceeding without counsel in this action. Federal Rules of Civil Procedure 23(a) provides that a class action may only be brought if "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class."

It is well established that a layperson cannot represent the interests of a class. Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975). A plaintiff, who is not an attorney, may not represent anyone but himself in court. Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir. 1997); C. E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987). Plaintiffs request for this action to proceed as a class action should be denied.

### C.     Request for Transfer to Federal Custody

Perry Washington seeks an order to be transferred to federal custody due to alleged retaliation for filing this lawsuit which is a request for injunctive relief. "To obtain a preliminary injunction, a party must show either (1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in its favor." Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1376 (9th Cir. 1985). Under either test, the moving party must demonstrate that there exists a significant threat of irreparable injury. Oakland Tribune, Inc., 762 F.2d at 1376.

Further, the Prison Litigation Reform Act places limitations on injunctive relief. Section 3626(a)(1)(A) provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary

to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A).

The claims proceeding in this action are due to Perry Washington being injured by other inmates, and the allegations in the complaint fail to state a claim that Perry Washington is being retaliated against by any officer at the jail. Ordering Perry Washington into federal custody, even if such a remedy was available to this Court, would not be the least restrictive means necessary to correct the violation at issue here. Nor can the court determine at this stage of the litigation that Perry Washington would be likely to prevail on a retaliation claim.

Plaintiffs' motion states that the Internal Affairs Department of Fresno County has moved Perry Washington to a safer location. (Pretrial Motion Request 2, ECF No. 16.) Plaintiffs claim that "the guards who tried to protect Perry are being retaliated against, and if the honest guards are moved, the dishonest sheriffs and officers will carry out their continuing threat to leave Perry Washington's cell open at night so another inmate or bad officer can come into Perry's cell and kill him to prevent this lawsuit from [proceeding]." (ECF No. 16 at 2-3.)

It is clear from Plaintiffs' motion that the Fresno County Jail has taken action to protect Perry Washington from further injury. Plaintiffs' concern that the "good officers" might be moved and then Perry Washington might be harmed is speculative.[4] Speculative injury does not constitute irreparable harm and a plaintiff must demonstrate immediate threatened injury to obtain preliminary injunctive relief. Caribbean Marine Services Co., Inc. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988). Plaintiffs have failed to show that Perry Washington is at a significant risk of irreparable harm.

The Court recommends that Plaintiffs' pretrial motion request be denied in full.

## VI.

## CONCLUSION AND RECOMMENDATION

Perry Washington states a cognizable claim against Doe Defendant for failure to protect,

---

[4] Although at the pleading the stage, the Court is to take all allegations in the complaint as true, the Court notes that Anthonia Washington has filed numerous motions and requests claiming that Fresno County Jail is preventing Perry Washington from signing the complaint and in forma pauperis forms in this action. However, these documents have been received by the Court with Perry Washington's signature.

however, Plaintiffs' complaint fails to state any other cognizable claims.

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend 'shall be freely given when justice so requires,'" Fed. R. Civ. P. 15(a), and "[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect," Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal citations omitted).  However, in this action Plaintiffs have been granted an opportunity to amend the complaint, with guidance by the Court.  Anthonia Washington has now filed two complaints without alleging facts against any of the defendants sufficient to state a claim under § 1983.  Anthonia Washington should be dismissed from this action.

Additionally, Plaintiffs are attempting to bring multiple unrelated claims which may not proceed in the same action.  The unrelated claims should be dismissed without leave to amend and leave to amend should be granted for only those claims related to the cognizable claim.  The Court recommends that Perry Washington be provided with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this findings and recommendations. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Based on the foregoing, IT IS HEREBY RECOMMENDED that:

1. Plaintiff Anthonia Washington be DISMISSED from this action for failure to state a claim under section 1983;

2. Plaintiff Perry Washington be provided with the opportunity to either:

    a. File an amended complaint curing the deficiencies identified by the Court in this findings and recommendations,[5] or

    b. Notify the Court in writing that he does not wish to file an amended complaint and is willing to proceed only against the Doe defendant on the claim found to be cognizable; and

3. Plaintiffs pretrial motion request be denied in full.

These findings and recommendations are submitted to the district judge assigned to this

---

[5] Plaintiff is advised that he may not file an amended complaint at this time.  Once the order addressing this findings and recommendations is issued, Plaintiff will be advised of the timeframe for him to file a second amended complaint or notify the Court of his desire to proceed on the claim found to be cognizable.

action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within thirty (30) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: __April 7, 2014__

UNITED STATES MAGISTRATE JUDGE