# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERRY WASHINGTON, et al, <br><br> Plaintiffs, <br><br> v. <br><br> FRESNO COUNTY SHERIFF, et al., <br><br> Defendants. | Case No. 1:14-cv-00129-AWI-SAB <br><br> ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL <br><br> (ECF No. 38) |

Plaintiff Perry Washington, appearing pro se and informa pauperis in this civil rights action pursuant to 42 U.S.C. § 1983, filed a motion for appointment of counsel on July 18, 2014.

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525; Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these factors is dispositive and both must be viewed together before reaching a decision." Terrell, 935 F.2d at 1017 (quoting

1

Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir.1986)).

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In the present case, the court does not find the required exceptional circumstances. The legal issued involved in this action are not complex. Even if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This court is faced with similar cases almost daily. Further, at this early stage in the proceedings, the court cannot make a determination that plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the court does not find that plaintiff cannot adequately articulate his claims. Id. Plaintiff has adequately set forth allegations to state a claim for deliberate indifference. Finally, Plaintiff merely submitted a request for appointment of counsel without showing that any exceptional circumstances exist hindering him from proceeding pro se in this action.

For the foregoing reasons, plaintiff's motion for the appointment of counsel is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated: **July 29, 2014**

UNITED STATES MAGISTRATE JUDGE