# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERRY WASHINGTON, et al,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>FRESNO COUNTY SHERIFF, et al.,<br><br>　　　　Defendants. | Case No.  1:14-cv-00129-AWI-SAB<br><br>ORDER ADOPTING IN PART THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS<br>(ECF No. 26)<br><br>ORDER DISMISSING IN PART PLAINTIFF'S FIRST AMENDED COMPLAINT, DISMISSING, ANTHONIA WASHINGTON AS A PLAINTIFF, DENYING PLAINTIFF'S REQUEST FOR INVESTIGATOR, DENYING PLAINTIFF'S REQUEST TO PROCEED AS A CLASS ACTION, AND DENYING PLAINTIFF'S REQUEST FOR TRANSFER TO FEDERAL CUSTODY<br>(ECF Nos. 16, 26, 39.) |

## I.

## INTRODUCTION

Plaintiffs Anthonia Washington and Perry Washington filed an unsigned complaint in this action on January 29, 2014. (ECF No. 1.) The action was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. On February 3, 2014, the unsigned complaint was stricken from the record. (ECF No. 4.)

Plaintiffs filed a signed complaint on February 11, 2014. (ECF No. 11.) On February 18,

1

1  2014 the complaint was screened by the Magistrate Judge and dismissed for failure to state a
2  claim.  On February 28, 2014, Plaintiff Anthonia Washington filed a motion for injunctive relief.
3  (ECF No. 16.)  Plaintiffs filed a first amended complaint on April 2, 2014.  (ECF No. 27.)

4        On April 8, 2014, the Magistrate Judge filed a findings and recommendations which was
5  served on Plaintiffs and which contained notice that any objections to the findings and
6  recommendations were to be filed within thirty days.  After receiving several extensions of time,
7  Plaintiff Anthonia Washington filed an objection on July 18, 2014.

8        In accordance with the provisions of 28 U.S.C. § 636(b) the Court has conducted a *de*
9  *novo* review of this case.  The Court's power to "accept, reject, or modify, in whole or in part,
10 the findings or recommendations made by the magistrate" exists whether objections have been
11 filed or not.  See Britt v. Simi Valley Unified School Dist., 708 F.2d 452, 454 (9th Cir. 1983).
12 Having carefully reviewed the entire file, the Court will respectfully decline to adopt part of the
13 F&R with respect to Plaintiff's retaliation claim. All other parts of the F&R are adopted as
14 described, infra.

15 **II.**

16 **ANALYSIS**

17     **A.**    **Plaintiff Antonia Washington's Objections**

18       1.    Plaintiff Anthonia Washington's Claims are Improperly Joined in this Action

19       Plaintiff Anthonia Washington objects to the recommendation that she be dismissed from
20 this action, arguing that the allegations of abuse by multiple Fresno County agencies over a
21 period of years are related.  Plaintiff Anthonia Washington includes extensive new factual
22 allegations in her opposition.  However, based on the allegations in the first amended complaint,
23 the Magistrate Judge correctly found that the incidents alleged do not arise out of a series of
24 transactions or occurrences, and therefore are not properly joined under Federal Rule of Civil
25 Procedure 18.  Similarly, Plaintiff's new allegations of discrimination and retaliation allegedly
26 based on her neighbors efforts to drive the family from their home, even accepted as true, are not
27 related to the claim that was found cognizable in the first amended complaint.

28       Additionally, the complaint does not allege that any of the incidents involving Plaintiff

Perry Washington involved the same defendants and these incidents are therefore not properly joined under Federal Rule of Civil Procedure 20. Plaintiffs' claims against different defendants for these unrelated incidents may not proceed together in this action.

### 2. Plaintiff Anthonia Washington Cannot Represent Perry Washington in this Action

Plaintiff Anthonia Washington requests that she be allowed to remain in this action to assist Plaintiff Perry Washington in this action. However, Ms. Washington is not an attorney. A plaintiff, who is not an attorney, may not represent anyone but himself in court. Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir. 1997); C. E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987). Further, there are no facts before the court to demonstrate third party standing in this instance. Coalition of Clergy, Lawyers, and Professionals v. Bush, 310 F.3d 1153, 1163 (9th Cir. 2002). Anthonia Washington cannot represent Perry Washington in this action.

To the extent that Ms. Washington seeks to assist Perry Washington in preparing the pleadings to be filed in this action, this order does not preclude such. However, all documents filed in this action must be signed by Perry Washington only. Local Rule 131(b). Anthonia Washington may not sign on behalf of Perry Washington or appear for him in any hearing in this court. See Local Rule 180.

### 3. This Case May Not Proceed as a Class Action

Plaintiff Anthonia Washington argues that this action should be allowed to proceed as a class action. As explained in the findings and recommendation, it is well established that a layperson cannot represent the interests of a class. Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975). Nor does the Court find that the allegations in the complaint meet the requirements of Federal Rule of Civil Procedure 23 upon which a class action can be brought.

### B. Plaintiff Perry Washington's Retaliation Claim

Plaintiff's First Amended Complaint alleges that Perry Washington made a request to an unknown officer to be moved from his cell when he was threatened by other inmates. (See ECF No. 27 at p. 7.) He alleges that the unknown officer refused to move him from the cell and then refused to provide him with a grievance form. (id.) Thereafter, Perry Washington alleges that he

was attacked by a group of inmates and the unknown officer refused to come when the emergency button was pushed. (id.) Perry Washington alleges that after the attack the guard threw the grievance form into his blood and said, "[t]his is what happens to people who ask for grievance forms."

The Magistrate Judge outlined the five elements of a First Amendment retaliation claim; "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." (ECF No. 26 at p. 7 (citing Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).) The Magistrate Judge then found that the first element lacking reasoning that no state actor was alleged to be involved in the assault. (id.)  This Court must respectfully disagree with the Magistrate Judge's conclusion. The statement attributed to the unknown guard, if true, tends to indicate that the guard was aware of the attack and allowed it because Perry Washington had requested a grievance form after his request to move cells was denied. Such an adverse action would tend to chill a detainee's exercise of First Amendment rights, and would not be in furtherance of a legitimate correctional goal. Such allegations are adequate to state a claim for retaliation. See, e.g., Allen v. Valley State Prison for Women, 2012 WL 5199109, *3 (E.D. Cal. 2012) (finding the requisite elements for a retaliation claim where a jail guard permitted an attack on an inmate after she filed grievances against him even though no express statement supporting causation was made); Branch v. Grannis, 2011 WL 1806522, *5 (E.D. Cal. 2011) (plaintiff stated a claim for retaliation where he alleged that a prison guard told him that he would be "dealt with" for making false allegation against an officer then that same guard failed to intervene when plaintiff was attacked by another inmate).

    **C.**    **Second Amended Complaint**

Plaintiff Anthonia Washington attaches a complaint which alleges a new cause of action for the destruction of food which she purchased for Plaintiff Perry Washington.  Even if such allegations were sufficient to state a cognizable claim, and Plaintiff Anthonia Washington had linked any jail officials to the actions, this claim is unrelated to the claim upon which this action

shall be proceeding.  Plaintiff Anthonia Washington's complaint is therefore disregarded as not properly joined under Federal Rules of Civil Procedure 18 or 20.

### D. Plaintiff Anthonia Washington's Request for Appointment of Counsel

Plaintiff Anthonia Washington requests appointment of an attorney to assist with evidence requests.  The Magistrate Judge has considered and denied Plaintiff Anthonia Washington's request for appointment of counsel.  (See ECF No. 35.)

To the extent that Plaintiff Anthonia Washington seeks reconsideration of the order denying appointment of counsel, generally, a plaintiff in a civil action does not have a constitutional right to appointed counsel.  Hernandez v. Whiting, 881 F.2d 768, 770-71 (9th Cir. 1989).  The court has discretion to appoint an attorney to represent "any person unable to afford counsel."  28 U.S.C. § 1915(e)(1).  In determining whether to appoint counsel the court is to consider the plaintiff's financial resources, efforts the plaintiff has made to obtain counsel, and the merit of plaintiff's claims.  Johnson v. U.S. Dep't of Treasury, 939 F.2d 820, 823 (9th Cir. 1991).

Plaintiff Anthonia Washington has not shown what efforts, if any, she has made to obtain counsel.  Furthermore, those claims raised by Anthonia Washington in this action are being dismissed.  For these reasons, the Magistrate Judge did not abuse his discretion in denying Anthonia Washington's motion for appointment of counsel and the request for reconsideration of the order is denied.

### E. Request for Discovery

Plaintiff Anthonia Washington requests that she be allowed to conduct discovery to present to the Court evidence to support her claims.[1]  Pursuant to the first informational order, an order opening discovery is issued once an answer is filed.  No discovery may be conducted, without permission from the Court, until an answer is filed and the Court issues an order opening discovery.  Once Defendants have filed an answer a discovery and scheduling order will be issued opening discovery in this action.  Plaintiff Anthonia Washington's request to conduct discovery is denied.

---

[1] The Court notes that a first informational order has not been issued in this action.  Accordingly the Court shall direct the Clerk's Office to issue the first informational order in this action.

1    **F.    Request for Evidentiary Hearing**

2    Plaintiff Anthonia Washington requests an evidentiary hearing to present testimony to
3    support her claims.  However, at the pleading stage, the plaintiff merely needs to set forth facts
4    sufficient to state a plausible claim that she is entitled to relief.  Ashcroft v. Iqbal, 556 U.S. 662,
5    678-79 (2009).  The request for an evidentiary hearing is denied as unnecessary.

6    **G.    Request for Injunctive Relief**

7    Plaintiff Anthonia Washington sets forth a request for a preliminary injunction requiring
8    the police and sheriff department dispatchers to provide a mandatory event number to all citizens
9    who report an incident, to have police officers available to take reports over the phone, and to
10   have a civil law clinic established.   The federal court's jurisdiction is limited in nature and its
11   power to issue equitable orders may not go beyond what is necessary to correct the underlying
12   constitutional violations which form the actual case or controversy.  18 U.S.C. § 3626(a)(1)(A);
13   Summers v. Earth Island Institute, 555 U.S. 488, 493 (2009); Steel Co. v. Citizens for a Better
14   Env't, 523 U.S. 83, 103-04 (1998); City of Los Angeles v. Lyons, 461 U.S. 95, 101 (1983);
15   Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010).

16   In this instance, the case or controversy requirement cannot be met in light of the fact that
17   the issue Plaintiff seeks to remedy in her request bears no relation to the claim that a deputy at
18   the jail was deliberately indifferent to Plaintiff Perry Washington's request to be moved due to
19   threats for other inmates.  City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665
20   (1983); 18 U.S.C. § 3626(a)(1)(A); also Summers v. Earth Island Inst., 129 S. Ct. 1142, 1148-49
21   (2009); Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 102-04, 107 (1998).  Because the
22   case-or-controversy requirement cannot be met, the pendency of *this* action provides no basis
23   upon which to award Plaintiff injunctive relief.  Steel Co., 523 U.S. at 102-103.

24   **H.    Peryna Washington's Application to Proceed In Forma Pauperis**

25   Plaintiff Anthonia Washington's objection contains an application to proceed in forma
26   pauperis from the plaintiffs' mother, Peryna Washington.  Peryna Washington is not a plaintiff to
27   this action and the first amended complaint is devoid of any allegations regarding any violation
28   of the federal rights of Peryna Washington.

While the objection states that Peryna Washington has previously filed an application to proceed in forma pauperis, the Court has reviewed the docket and those applications to proceed in forma pauperis which have been filed in the action. The Court does not find any application to proceed in forma pauperis that has previously been filed by Peryna Washington. Further, this action is proceeding on Perry Washington's claim of deliberate indifference by an unnamed deputy at the county jail. Peryna Washington is not a party to this incident. The Court shall disregard the application to proceed informa pauperis submitted by Peryna Washington.

## III.

## CONCLUSION AND ORDER

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, filed April 8, 2014, is adopted in part;
2. Plaintiff Anthonia Washington is dismissed from this action for failure to state a claim under section 1983 and pursuant to Federal Rules of Civil Procedure 18 and 20;
3. Defendants Fresno County and Fresno County Sheriff's Department are dismissed from this action for failure to state a claim against them under section 1983;
4. Plaintiff's complaint states a claim for a 2014 incident in which he alleges an unknown sheriff deputy was deliberately indifferent to his requests to be moved due to threats from other inmates and for the claim, arising from the same incident, where the unknown deputy allowed the attack by inmates as retaliation for Plaintiff's request for a grievance form, all other claims are dismissed;
5. Within thirty days from the date of service of this order, Plaintiff Perry Washington shall either:
    a. File an amended complaint curing the deficiencies identified by the Court in the findings and recommendations filed April 8, 2014; or

   b. Notify the Court in writing that he does not wish to file an amended complaint and is willing to proceed only against the Doe defendant on the claim found to be cognizable;

6. Plaintiffs' pretrial motion request filed February 28, 2104, is denied in full;

7. Plaintiff Anthonia Washington's request for an extension of time to file further objections is denied;

8. Plaintiff Anthonia Washington's second amended complaint is disregarded;

9. Plaintiff Anthonia Washington's requests for discovery, an evidentiary hearing, and injunctive relief are denied;

10. Plaintiff Anthonia Washington's request for counsel, which is construed as a motion for reconsideration of the Magistrate Judge's order is denied;

11. Peryna Washington's application to proceed in forma pauperis is denied;

12. The Clerk of the Court is directed to issue a first informational order in a prisoner case in this action; and

13. This action is referred back to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

Dated: September 23, 2014     _____
                  SENIOR DISTRICT JUDGE