# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERRY WASHINGTON, et al,<br><br>Plaintiffs,<br><br>v.<br><br>FRESNO COUNTY SHERIFF, et al.,<br><br>Defendants. | Case No. 1:14-cv-00129-AWI-SAB<br><br>ORDER DENYING REQUEST FOR APPOINTMENT OF COUNSEL AND GRANTING PLAINTIFF'S REQUEST FOR AN EXTENSION OF TIME<br><br>(ECF No. 44)<br><br>THIRTY DAY DEADLINE |

On October 24, 2014, a request for appointment of counsel was filed in this action. Although the request states that is submitted on behalf of Perry Washington, the signature page attached is a generic page that was signed in June 2014. As Plaintiff has previously been advised on several occasions, he must sign all documents that he is filing in this action and the Court will not accept any filings containing a generic signature where it is not clear that Plaintiff has reviewed and is aware of the pleading. In this instance, the signature page attached is not part of the request for appointment of counsel and is dated June 25, 2014, the same date as the previous request for appointment of counsel which has previously been denied.[1]

Accordingly, the request for appointment of counsel is HEREBY DENIED. Plaintiff is once again advised that court appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1) requires exceptional circumstances. Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding

---

[1] Requests for appointment of counsel have previously been denied June 16, 2014, July 29, 2014,

of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these factors is dispositive and both must be viewed together before reaching a decision." Terrell, 935 F.2d at 1017 (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir.1986)).

Plaintiff's continued allegations of mistreatment during his confinement do not address the issues to be considered in determining if he is entitled to appointment of counsel. Plaintiff has not shown that exceptional circumstances exist to appoint counsel in this action. Further, any further filings submitted by Plaintiff must include his signature as a part of the document and must be contemporaneously dated.

Finally, the request seeks to have a copy of this document forwarded to the Fresno County Superior Court, Fresno County Counsel and the Fresno County Sheriff's Department. If Plaintiff wishes to file a motion with the Superior Court and provide a copy to County Counsel and the Sheriff's Department, he must do so himself. The Court does not provide mail service for litigants. The request to send this to the Fresno County Superior Court, Fresno County Counsel, and the Fresno County Sheriff's Office is denied.

Plaintiff has requested an extension of time to either notify the Court that he will proceed on the claims found to be cognizable or file an amended complaint. The Court issued findings and recommendations on April 9, 2014 recommending Plaintiff be granted leave to file an amended complaint. Plaintiff has had almost seven months to prepare an amended complaint if he desires to amend. Therefore, Plaintiff shall be granted one final opportunity to file an amended complaint.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's request for appointment of counsel filed October 24, 2014 is DENIED;
2. Plaintiff's request for this document to be sent to the Fresno County Superior Court, Fresno County Counsel, and Fresno County Sheriff's Department is DENIED;
3. Plaintiff shall either notify the Court that he wishes to proceed on those claims

found to be cognizable or file an amended complaint within thirty days of the date of service of this order; and

4. The failure to either notify or amend the complaint in compliance with this order will result in this action being dismissed.

IT IS SO ORDERED.

Dated: **October 30, 2014**

UNITED STATES MAGISTRATE JUDGE