# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERRY WASHINGTON, et al, | Case No.  1:14-cv-00129-AWI-SAB |
| Plaintiffs, | ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL |
| v. | (ECF No. 45) |
| FRESNO COUNTY SHERIFF, et al., | |
| Defendants. | |

Plaintiffs Perry Washington and Anthonia Washington filed this action on January 29, 2014.  (ECF No. 1.)  On April 8, 2014, Plaintiff's amended complaint was screened and a findings and recommendations issued recommending dismissing certain parties and claims from this action.  (ECF No. 26.)  Plaintiffs were provided with thirty days in which to file objections. (Id.)  On April 29, 2014, Plaintiff Anthonia Washington's request for an extension of time was granted; and Plaintiffs were to file objections to the findings and recommendations within forty-five days.  (ECF No. 31.)  On June 12, 2014 Plaintiff Anthonia Washington filed a request for an additional thirty day extension of time to file objections and a motion for appointment of counsel.  (ECF No. 34.)

On June 16, 2014, an order issued granting Plaintiffs' request for an extension of time and denying the motion for appointment of counsel.  (ECF No. 35.)  On July 18, 2014, Plaintiff

1

filed a motion for appointment of counsel which was denied on July 30, 2014.  (ECF No. 38, 41.)  On September 24, 2014, an order issued adopting in part the findings and recommendations.  Plaintiff Anthonia Washington was dismissed from this action and Plaintiff Perry Washington was granted thirty days in which to either notify the Court that he was willing to proceed on the claims found to be cognizable or file an amended complaint.  (ECF No. 43.)

On October 24, 2014, Plaintiff filed a motion for appointment of counsel, which was denied on October 30, 2014.  (ECF No. 44, 46.)  On this same date, Plaintiff filed a second motion for appointment of counsel.  (ECF No. 45.)

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  <u>Mallard v. United States District Court for the Southern District of Iowa</u>, 490 U.S. 296, 298 (1989).   In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  <u>Rand v. Rowland</u>, 113 F.3d 1520, 1525 (9th Cir. 1997).  Without a reasonable method of securing and compensating counsel, this court will seek volunteer counsel only in the most serious and exceptional cases.

In the present case, the court does not find the required exceptional circumstances.  <u>See Rand</u>, 113 F.3d at 1525.  Even if it is assumed that Plaintiff Perry Washington is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.  This court is faced with similar cases almost daily.  Further, at this early stage in the proceedings, the court cannot make a determination that Plaintiff Perry Washington is likely to succeed on the merit.  Based on a review of the record in this case, the court does not find that Plaintiff Perry Washington cannot adequately articulate his claims.  In this instance, the Court has found that Plaintiff stated a claim that defendants were deliberately indifferent to a serious risk of harm and for retaliation.  Therefore, the Court finds that Plaintiff Perry Washington is not entitled to appointment of counsel.

Plaintiff also requests a forty-five day extension of time to comply with the order issued September 24, 2014.  As discussed in the October 30, 2014 order, it has been almost seven months since the findings and recommendations issued.  The Court has granted one final

extension of thirty days for Plaintiff to comply with the September 24, 2014 order. Plaintiff's request for additional time is denied.

Accordingly, Plaintiff's motion for appointment of counsel, filed October 30, 2014, is HEREBY DENIED in its entirety.

IT IS SO ORDERED.

Dated:   **October 31, 2014**

UNITED STATES MAGISTRATE JUDGE