# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERRY WASHINGTON, et al, <br><br> Plaintiffs, <br><br> v. <br><br> FRESNO COUNTY SHERIFF, et al., <br><br> Defendants. | Case No. 1:14-cv-00129-AWI-SAB <br><br> ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT AND MOTION FOR DEFAULT JUDGMENT <br><br> (ECF Nos. 71, 72) |

On June 5, 2015, Defendant Velos filed an answer to Plaintiff's first amended complaint. (ECF No. 67.) On June 10, 2015, Plaintiff filed a motion for default and a motion for default judgment. (ECF Nos. 71, 72.)

Pursuant to Federal Rules of Civil Procedure 55, obtaining a default judgment is a two-step process. Yue v. Storage Technology Corp., No. 3:07-cv-05850, 2008 WL 361142, *2 (N.D.Cal. Feb, 11, 2008). Entry of default is appropriate as to any party against whom a judgment for affirmative relief is sought that has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure and where that fact is made to appear by affidavit or otherwise. Fed. R. Civ. P. 55(a). After entry of default, the plaintiff can seek entry of default judgment. Fed. R. Civ. P. 55(b)(1) and (2). "Default judgments are generally disfavored, and whenever it is reasonably possible, cases should be decided upon their merits." In re Hammer,

940 F.2d 524, (9th Cir. 1991) (internal punctuation and citations omitted).

In this instance, Plaintiff filed an answer to the amended complaint on June 5, 2015, and is defending this action. Accordingly, Plaintiff is not entitled to entry of default.

Based on the foregoing, Plaintiff's motion for entry of default and motion for default judgment, filed June 9, 2015 is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   **June 11, 2015**

UNITED STATES MAGISTRATE JUDGE

2