UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERRY WASHINGTON, et al.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FRESNO COUNTY SHERIFF, et al.,<br><br>　　　　Defendants. | No. 1:14-cv-00129-DAD-SAB<br><br>ORDER DENYING PLAINTIFF'S REQUESTS FOR AN EX PARTE HEARING AND ISSUANCE OF A PRELIMINARY INJUNCTION<br><br>(Doc. Nos. 79, 90) |

　　Plaintiff Perry Washington, a pretrial detainee at the Fresno County Jail, is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's first amended complaint filed April 2, 2014, in which plaintiff alleges that in 2014 defendant, Sheriff's Deputy Tony Veloz, was deliberately indifferent to plaintiff's requests to be moved due to threats from other inmates and allowed other inmates to attack plaintiff, all in retaliation for plaintiff previously requesting an inmate grievance form. (Doc. No. 43.)

## BACKGROUND

　　On February 5, 2016, plaintiff filed a request for an ex-parte hearing and issuance of a preliminary injunction in this action. (Doc. No. 79.) Defendants did not file an opposition to the motion. On March 16, 2016, plaintiff filed a second request for an ex-parte hearing. (Doc. No.

1  90.) Both of plaintiff's motions set forth the same facts and make the same requests.
2  Specifically, plaintiff seeks an order requiring the Fresno County Jail to transport him the
3  emergency room to see a gastroenterologist for treatment, which he argues is needed due to his
4  being provided contaminated food and water at the jail.  Plaintiff is also seeking an order
5  requiring that:  three bottles of water be delivered to his jail cell each day; medications be
6  delivered to him by medical staff rather than jail staff; a human rights attorney be assigned to
7  represent him; he be provided access to a telephone; a hearing be held regarding the treatment he
8  is receiving in the jail; he be granted access to the inmate grievance process and to mail; and an
9  internal affairs officer be designated to inspect the documents in his cell and deliver them to his
10  sister or mother.  (Doc. Nos. 79 at 10–12; 90 at 4–5.)  Finally, plaintiff requests that he be
11  transported from the jail to the court within twenty four hours for a hearing with respect to his
12  requests.  (Doc. Nos. 79 at 13; 90 at 4.)

## ANALYSIS

14  A preliminary injunction is an extraordinary remedy, and is never awarded as of right.
15  Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 24 (2008) (citation omitted).
16  Courts may grant preliminary injunctions only if the plaintiff establishes each of the following:
17  (1) a likelihood of success on the merits; (2) a likelihood of suffering irreparable harm absent a
18  preliminary injunction; (3) a balance of equities tipping in plaintiff's favor; and (4) the public
19  interest in awarding injunctive relief.  *Leigh v. Salazar*, 677 F.3d 892, 896 (9th Cir. 2012);
20  *Alliance for Wild Rockies v. Cottrell*, 622 F.3d 1045, 1049 (9th Cir. 2010).  An injunction may
21  only be awarded upon a clear showing that the plaintiff is entitled to such relief.  *Winter*, 555 U.S.
22  at 22 (citation omitted).  Thus, "injunctive relief is 'to be used sparingly, and only in a clear and
23  plain case.'"  *Gomez v. Vernon*, 255 F.3d 1118, 1128 (9th Cir. 2001) (quoting *Rizzo v. Goode*,
24  423 U.S. 362, 378 (1976)).

25  Here, the court finds that it lacks jurisdiction to grant the injunctive relief plaintiff seeks.
26  The court further finds that, in any event, plaintiff has not made the required showing that he is
27  likely to suffer irreparable injury in the absence of the granting of a preliminary injunction.
28  /////

### I. The court lacks jurisdiction to grant injunctive relief

"A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. United States Immigration and Naturalization Serv.*, 753 F.2d 719, 727 (9th Cir. 1985). *See also In re Rationis Enters., Inc. of Panama*, 261 F.3d 264, 267 (2d Cir. 2001) (noting that the threshold requirement of jurisdiction "springs from the nature and limits of the judicial power of the United States and is inflexible and without exception"). Under Rule 65(d) of the Federal Rules of Civil Procedure, an injunction binds only "the parties to the action, their officers, agents, servants, employees, and attorneys, and . . . those persons in active concert or participation with them." *Zepeda*, 753 F.2d at 727. A court cannot enter an injunction against individuals or entities not subject to the court's jurisdiction. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 112 (1969); *Zepeda*, 753 F.2d at 727; *see also Walker v. Varela*, No. CV 10–2441–JFW(SP), 2013 WL 816177, at *2 (C.D. Cal. Mar. 1, 2013).

In order to grant the plaintiff's desired relief, the court must therefore be able to exercise jurisdiction over the Fresno County Jail. However, the Fresno County Jail is not a party to this action and a plaintiff cannot, as a general matter, seek injunctive relief in a case against parties who are not named as defendants in that case. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits[.]"). Here, the only named defendant in this action is Deputy Veloz. But the plaintiff does not indicate that Deputy Veloz is responsible for violations alleged in his requests for a preliminary injunction. Neither does plaintiff establish that other entities or individuals operated in active concert or participation with the defendant Deputy Veloz to carry out any alleged violations. Fed. R. Civ. P. 65(d)(2); *Zenith Radio Corp.*, 395 U.S. at 112. The court therefore lacks authority to order the relief requested by the plaintiff. As such, plaintiff's requests for preliminary injunctive relief must be denied for lack of jurisdiction.

### II. Plaintiff failed to demonstrate likelihood of irreparable harm

When alleging the likelihood of suffering irreparable harm, a plaintiff must demonstrate immediate threatened injury. *Caribbean Marine Servs. Co. v. Baldridge*, 884 F.2d 668, 674 (9th

Cir. 1988). To do so, a plaintiff must do more than allege imminent harm sufficient to establish standing. *Id.* Speculative injury is insufficient to meet this standard. *Id.*; *see also Smith v. Terhune*, 213 F.3d 643 (9th Cir. 2000).

Plaintiff has failed to establish the imminent irreparable injury required to warrant the issuance of a preliminary injunction. In his complaint, plaintiff alleges that defendant Deputy Veloz was deliberately indifferent to his requests to be moved due to threats from other inmates at the jail and retaliated against him by allowing other inmates to attack him. (Doc. No. 27.) In his motion for preliminary injunctive relief, however, plaintiff alleges violations of his constitutional rights unrelated to those previously alleged in his complaint in this action. Moreover, the factual allegations made in plaintiff's request for preliminary injunctive relief are presented in a conclusory fashion, without reference to any supporting evidence. Many of the facts alleged by the plaintiff relate to claims previously dismissed by the court. (Doc. Nos. 26, 42.) Because plaintiff has failed to support his allegations, he necessarily cannot and has not yet shown that he is "likely to succeed on the merits," that "the balance of equities tips in his favor," or that the issuance of an injunction in this case would serve the public interest.

In sum, because the court lacks jurisdiction to order the preliminary relief plaintiff seeks, and because, in any event, he has not shown the likelihood that he will suffer irreparable harm in the absence of the granting of the preliminary injunctive relief he requests, his motions must be denied.

## CONCLUSION

Accordingly, for the reasons set forth above, plaintiff's motions for preliminary injunctive relief filed February 5, 2016 (Doc. No. 79), and March 16, 2016 (Doc. No. 90), are denied.

IT IS SO ORDERED.

Dated:  **April 5, 2016**                              _____
                                                                          UNITED STATES DISTRICT JUDGE