1
2
3
4
5
6
7
8

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERRY WASHINGTON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>FRESNO COUNTY SHERIFF, et al.,<br><br>　　　　Defendants. | **Case No.: 1:14-cv-00129-DAD-SAB**<br><br>**ORDER RE STIPULATION REQUESTING CONTINUANCE OF SCHEDULING CONFERENCE**<br><br>**(ECF No. 96)** |

William L. Schmidt, counsel for the plaintiff, and Scott C. Hawkins, counsel for the defendants, do hereby stipulate as follows:

1. The plaintiff, Perry Washington, was recently transferred to Atascadero State Hospital. This transfer was made in connection with the criminal charges pending against him in Fresno County Superior Court. The purpose of the transfer is to attempt to restore the plaintiff to a state of mental competency so that he can assist in his own criminal defense.

2. Mr. Schmidt met with the plaintiff shortly before his transfer to Atascadero. Based on this meeting, the transfer appears to be in the best interests of the plaintiff.

3. Until such time as the plaintiff is restored to mental competency, Mr. Schmidt believes it will be nearly impossible to move forward with the case. Even the efficacy of settlement discussions, as required by the Court's settlement conference order, would be dubious given the plaintiff's current mental state. Further, based on a review of the history of this case, Mr. Schmidt is unaware of any close family member suitable to represent the interests of the plaintiff during his stay at Atascadero.

4. Likewise, Mr. Hawkins currently sees no value in obtaining discovery from the plaintiff, particularly in the form of a deposition, given his status as not being mentally incompetent.

5. Both counsel are aware of <u>Davis v. Walker</u>, 745 F.3d 1303 (2014), and its admonition against indefinite stays pending competency in civil rights claims. However, it is felt that the Court has the latitude, given that the referral to Atascadero is both recent and previously untried with this plaintiff, to impose a limited and monitored continuance of the status conference to assess whether the services provided to the plaintiff will be helpful.

6. Based on the foregoing, counsel for both plaintiff and defendants hereby request that the Court continue the status conference for a period of approximately six months. Hopefully, by that time the plaintiff will have been restored to the necessary level of competency, thus allowing the case to proceed. And, should the plaintiff not be rendered competent within said time, the parties can consider other possible alternatives.

7. Plaintiff's counsel has a pre-planned vacation scheduled from April 26, 2016, to May 16, 2016. Currently, the scheduling conference at issue is set for April 26, 2016, and would conflict with that vacation.

Dated: April 20, 2016    By:    /s/William L. Schmidt
                                William L. Schmidt, Esq.

Dated: April 20, 2016          By:     /s/Scott C. Hawkins
                                       Scott C. Hawkins, Esq.

Accordingly, IT IS HEREBY ORDERED that:

The scheduling conference in the matter is hereby continued until November 1, 2016, at 3:00 p.m. The parties shall file their joint scheduling report seven days prior to the scheduling conference in accordance with the Court's order of April 4, 2016.

IT IS SO ORDERED.

Dated:   **April 21, 2016**

UNITED STATES MAGISTRATE JUDGE