# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERRY WASHINGTON, et al, <br><br>　　　　Plaintiffs, <br><br>　　v. <br><br>FRESNO COUNTY SHERIFF, et al., <br><br>　　　　Defendants. | Case No. 1:14-cv-00129-SAB <br><br> ORDER REQUIRING PLAINTIFF TO COMPLY WITH LOCAL RULE 260 AND THE FEDERAL RULES OF CIVIL PROCEDURE AND STRIKING PLAINTIFF'S RESPONSES TO DEFENDANTS' REQUESTS FOR ADMISSION AND INTERROGATORIES <br><br> DEADLINE: NOVEMBER 20, 2017 |

On October 9, 2017, Defendant Velos filed a motion for summary judgment in this action. (ECF No. 114.) On November 14, 2017, Plaintiff filed his opposition to the motion for summary judgment. (ECF No. 116.)

The Local Rules of the Eastern District of California require that the opposition to the motion for summary judgment reproduce the itemized facts in the statement of undisputed facts and admit those facts that are undisputed and deny those that are disputed citing to the portion of "any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon in support of that denial." L.R. 260(b). Plaintiff shall be required to reproduce Defendant's statement of undisputed facts and cite to those materials that support the denial of any fact contained therein.

1

Additionally, pursuant to Rule 56 of the Federal Rules of Civil Procedure,

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c). Here, in support of his opposition to the motion for summary judgment, Plaintiff submits unsigned discovery responses. (ECF No. 116-3.)

As relevant here, Rule 26 of the Federal Rules of Civil Procedure provides that

> every discovery request, response, or objection must be signed by at least one attorney of record in the attorney's own name--or by the party personally, if unrepresented. . . . By signing, an attorney or party certifies that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry:
> . . .
> (B) with respect to a discovery request, response, or objection, it is:
> (i) consistent with these rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law;
> (ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and
> (iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action.

Fed. R. Civ. P. 26(g)(1). The rule further provides that the court must strike an unsigned disclosure, request, response, or objection "unless a signature is promptly supplied after the omission is called to the attorney's or party's attention." Here, Plaintiff's responses to Defendant's request for admission and interrogatories is unsigned and shall be stricken from the record on that ground. If Plaintiff seeks to have the discovery responses considered in opposition to the motion for summary judgment, the signed responses must be filed. Failure to file supplemental documents will result in the motion being decided based only on those documents submitted by Defendant, and the documents in the opposition that have not been stricken from the record, as well as those documents in the Court record relied on by the parties.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's responses to Defendants' requests for admission and interrogatories (ECF No. 116-3) is STRICKEN FROM THE RECORD as unsigned;

2

2. On or before November 20, 2017, Plaintiff shall file a supplemental opposition which includes a reproduction of the itemized undisputed facts admitting or denying each fact; and

3. Defendant's reply, if any, shall be filed on or before November 27, 2017.

IT IS SO ORDERED.

Dated: **November 16, 2017**

UNITED STATES MAGISTRATE JUDGE