# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERRY WASHINGTON, et al,<br><br>  Plaintiffs,<br><br>  v.<br><br>FRESNO COUNTY SHERIFF, et al.,<br><br>  Defendants. | Case No. 1:14-cv-00129-SAB<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR RECONSIDERATION OF DENIAL OF MOTION FOR SUMMARY JUDGMENT OR ALTERNATELY FOR <u>ALBINO</u> HEARING RE SUMMARY JUDGMENT AND SETTING <u>ALBINO</u> EVIDENTIARY HEARING<br><br>(ECF Nos. 133, 134) |

Currently before the Court is Defendant Tony Veloz' motion for reconsideration of the denial of a motion for summary judgment, and alternately, for <u>Albino</u> hearing re summary judgment.

The Court heard oral arguments on February 21, 2018. Counsel William Schmidt appeared telephonically for Plaintiff and counsel Scott Hawkins appeared for Defendant. For the reasons discussed herein, the Court grants Defendant's motion for reconsideration and finds that there are disputes of fact which require an <u>Albino</u> evidentiary hearing. See <u>Albino v. Baca</u>, 747 F.3d 1162, 1170 (9th Cir. 2014). An evidentiary hearing is set for April 10, 2018, at 9:00 a.m. to hear all evidence related the issue of whether Plaintiff's complaint should be dismissed for failure to exhaust all available administrative remedies prior to filing this lawsuit.[1]

---

[1] The parties have consented to the jurisdiction of the magistrate judge. (ECF Nos. 101, 117.)

1

## I.

## RELEVANT PROCEDURAL HISTORY

Plaintiffs Perry Washington and Anthonia Washington filed this action on January 29, 2014. (ECF No. 1.) On February 3, 2014, the complaint was stricken from the record as it was unsigned. (ECF No. 4.) A signed complaint was filed on February 11, 2014. (ECF No. 6.) On February 18, 2014, Plaintiff's complaint was dismissed with leave to amend for failure to state a claim. (ECF No. 7.) On February 25, 2014, a first amended complaint was filed which was stricken as not being signed by Plaintiff Perry Washington. (ECF Nos. 11, 22.)

A first amended complaint ("FAC") was filed on April 2, 2014. (ECF No. 27.) Plaintiff's first amended complaint was screened on April 8, 2014, and findings and recommendations issued recommending dismissing certain claims and parties. (ECF No. 26.) The district judge adopted the findings and recommendations in part and this action is proceeding against Defendant Veloz for deliberate indifference under the Eighth Amendment and retaliation under the First Amendment. (ECF Nos. 43, 62.) On April 5, 2016, Plaintiff was appointed counsel after he was declared to be incompetent in his state criminal action. (ECF No. 92.)

On October 9, 2017, Defendant Veloz filed a motion for summary judgment. (ECF No. 114.) Plaintiff filed an opposition to the motion for summary judgment on November 14, 2017. (ECF No. 116.) In response to the Court's order striking unsigned exhibits from the opposition, Plaintiff filed an amended memorandum of points and authorities in opposition to the motion for summary judgment on November 20, 2017. (ECF No. 122.) On December 1, 2017, Defendant filed a reply to Plaintiff's opposition. (ECF No. 123.)

On December 6, 2017, an order issued denying Defendant Veloz' motion for summary judgment. (ECF No. 125.) The Court found that Defendant Veloz had not met his burden to demonstrate that Plaintiff failed to exhaust administrative remedies; genuine issues of material fact exist to preclude summary judgment on the deliberate indifference and retaliation claims; Defendant Veloz is not entitled to qualified immunity; and sufficient facts are alleged to support a jury finding that the actions of Defendant Veloz were malicious, wanton or oppressive conduct to support a

punitive damages award. (Id.)

On January 19, 2018, Defendant Veloz filed a motion for reconsideration. (ECF No. 133.) Plaintiff filed an opposition on February 6, 2018. (ECF No. 134.)

## II.

## LEGAL STANDARD

Defendant seeks reconsideration under Rule 54(b) of the Federal Rules of Civil Procedure which allows courts to revise orders "at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."

"It is a basic principle of federal practice that 'courts generally . . . refuse to reopen what has been decided. . . .'" Magnesystems, Inc. v. Nikken, Inc., 933 F.Supp. 944, 948 (C.D. Cal. 1996) (quoting Messinger v. Anderson, 225 U.S. 436, 444 (1912)). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003). " 'A party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.' " United States v. Westlands Water Dist., 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) (citations omitted). Motions for reconsideration are not the place for the parties to raise new arguments that were not raised in their original briefs, nor is reconsideration to be used to ask the district court to rethink what it already thought. Motorola, Inc. v. J.B. Rodgers Mech. Contractors, 215 F.R.D. 581, 582 (D. Ariz. 2003).

A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal punctuation and citations omitted); Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

Requests for reconsideration are also governed by Local Rule 230(j) which provides that a party seeking reconsideration must set forth the material facts and circumstances surrounding

1 the motion for reconsideration, including "what new or different facts or circumstances are
2 claimed to exist which did not exist or were not shown upon such prior motion, or what other
3 grounds exist for the motion;" and "why the facts or circumstances were not shown at the time of
4 the prior motion."

## III.

## DISCUSSION

Defendant Veloz contends that the Court erred in drawing the distinction between the term administrative remedies and administrative process in applying the holdings of <u>Booth v. Churner</u>, 532 U.S. 731 (2001), and <u>Brown v. Valoff</u>, 422 F.3d 926 (9th Cir. 2005). Defendant argues that the evidence in the record when viewed according to the correct holdings under this applicable law supports that some remedy remains. Further, Defendant believes that this error adversely affected the Court's burden shifting analysis as set forth in <u>Albino</u>, and impermissibly considered Plaintiff's claim that the "inmate assault could not be undone" as proper support for his claim that no further relief was available to him and therefore pursuing administrative remedies was futile. Defendant argues that at a minimum an <u>Albino</u> hearing should be set to resolve the dispute over the issue.

Plaintiff responds that Defendant now argues that the focus should be on the process and not whether Plaintiff had any hope of an actual remedy from the jail for the violation of his constitutional rights. Plaintiff further argues that the grievance process at the Fresno County Jail was less than optimal and akin to useless. Additionally, Plaintiff contends that there is evidence in the record that in all likelihood he was mentally impaired during the relevant time period and compliance with the jail's process was beyond his capacity. Finally, Plaintiff contends that the process was unavailable to him due to the actions and statements of Defendant Veloz.

Defendant again replies that Plaintiff argues issues that have already been established by the undisputed facts in this matter. Defendant contends that administrative remedies were available, and Plaintiff has not shown that his action on January 27, 2014 prevented Plaintiff from completing the first steps of the administrative process.

///

**A.     Administrative Remedies**

Defendant contends that the Court erred because he showed the availability of the administrative process itself and it was clear error to hold otherwise. While the Court would agree that the case law relied upon by Defendant stands for the proposition that generally the availability of the administrative process is sufficient to require an inmate to exhaust administrative remedies, to prevail on summary judgment may require more than merely showing that the administrative process was available.

The Prison Litigation Reform Act (PLRA) of 1995, requires that prisoners exhaust "such administrative remedies as are available" before commencing a suit challenging prison conditions." 42 U.S.C. § 1997e(a); see Ross v. Blake, __ U.S. __, 136 S. Ct. 1850 (June 6, 2016) ("An inmate need exhaust only such administrative remedies that are 'available.' "). Exhaustion is mandatory unless unavailable. "The obligation to exhaust 'available' remedies persists as long as some remedy remains 'available.' Once that is no longer the case, then there are no 'remedies . . . available,' and the prisoner need not further pursue the grievance." Brown, 422 F.3d at 935 (citing Booth, 532 U.S. at 739). This statutory exhaustion requirement applies to all inmate suits about prison life, Porter v. Nussle, 534 U.S. 516, 532 (2002) (quotation marks omitted), regardless of the relief sought by the prisoner or the relief offered by the process, Booth, 532 U.S. at 741, and unexhausted claims may not be brought to court, Jones v. Bock, 549 U.S. 199, 211 (2007) (citing Porter, 534 U.S. at 524).

In Booth, the Supreme Court specifically decided what was meant by the phrase available administrative remedies. 532 U.S. at 736. The court found that " 'such administrative remedies as are available' " naturally requires a prisoner to exhaust the grievance procedures offered, whether or not the possible responses cover the specific relief the prisoner demands.' " Id. at 738. By changing the language of the statute from the requirement to exhaust effective administrative remedies, Congress manifested an intent that a prisoner is required to exhaust administrative remedies regardless of the relief offered through administrative procedures. Id. at 741.

In Porter, the plaintiff contended that prisoners were not required to exhaust excessive

5

force claims. The Supreme Court held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter, 534 U.S. at 532.

The Ninth Circuit addressed these two decisions in Brown, an interlocutory appeal of two actions in which the district court had found that inmates had not exhausted administrative remedies prior to filing suit. The Brown court found that Booth was dispositive as to the basic legal question: "The obligation to exhaust 'available' remedies persists as long as some remedy remains 'available.' Once that is no longer the case, then there are no 'remedies ... available,' and the prisoner need not further pursue the grievance." Brown, 422 F.3d at 935. Therefore, "a prisoner need not press on to exhaust further levels of review once he has either received all 'available' remedies at an intermediate level of review or been reliably informed by an administrator that no remedies are available." Id.

The court went on to explain that none of the purposes of the exhaustion requirement are served by requiring an inmate to continue to pursue administrative review after all "available" relief has been accorded. Brown, 422 F.3d at 936. However, the purposes can be served by relief accorded outside the usual grievance process so that waiting for results from an investigation that is triggered by the grievance process but is outside of it can serve the purposes of the exhaustion requirement. Id. Further, it is unlikely that a further administrative record will be developed once the system has provided whatever relief it can, but as long as there is an ongoing investigation into the underlying grievance prison officials may develop information that may be useful should litigation ensue. Id. Finally, requiring pointless exhaustion when no relief is available is more likely to inflame than to mollify passions and is thus unlikely to filter out frivolous claims. Id.

The Brown court then went on to decide whether the requirement had been met in the cases before it considering that it is of central importance that failure to exhaust is an affirmative defense. Brown, 422 F.3d at 936. "[T]here can be no " 'absence of exhaustion' unless some relief remains 'available,' a defendant must demonstrate that pertinent relief remained available, whether at unexhausted levels of the grievance process or through awaiting the results of the

relief already granted as a result of that process." Id. at 936–37. "Relevant evidence in so demonstrating would include statutes, regulations, and other official directives that explain the scope of the administrative review process; documentary or testimonial evidence from prison officials who administer the review process; and information provided to the prisoner concerning the operation of the grievance procedure in this case, such as in the response memoranda in these cases. With regard to the latter category of evidence, information provided the prisoner is pertinent because it informs our determination of whether relief was, as a practical matter, 'available'." Id. at 937.

As to Brown, the appeals court found that the Department of Corrections had not established that once it had ordered an investigation into the officer's alleged misconduct through the staff complaint process that it had any remaining authority to act on behalf of the subject complaint through the grievance process. Brown, 422 F.3d at 938. The second level appeal decision had informed the inmate that a thorough investigation would be conducted through the Office of Internal Affairs and Administration would decide on any appropriate action to be taken if necessary. Id. at 938. The memorandum did not counsel that any further review was available and the reasonable interpretation of the memorandum was that there was no further relief available through the appeals process, but the confidential staff complaint investigation would go forward and could result in an investigation of Brown's complaint. Id. at 937-38. Further, the court considered the department's directives regarding the handling of staff complaints and found that no further relief was "available" through the appeals process even though the staff complaint process was not completed. Id. at 938-39.

The defendant argued that the court could "easily imagine actions that the Department could have taken to provide relief to Brown." Brown, 722 F.3d at 939. But, "[e]stablishing, as an affirmative defense, the existence of further 'available' administrative remedies requires evidence, not imagination." Id. at 940. The Court found that Brown had exhausted such administrative remedies as were available. Id.

In Woodford v. Ngo, 548 U.S. 81, 89 (2006), the Supreme Court considered what is meant by the term "exhausted." First, the Court considered that the purpose of exhaustion was to

7

give the agency an opportunity to correct its mistakes before it is haled into federal court and it discourages disregard of the agency's procedures. Ngo, 548 U.S. at 89. Second, exhaustion promotes efficiency by allowing claims to be resolved more quickly and economically in agency proceedings than in litigation. Id. The Court found that the text of section 1997e(a) strongly suggests that the term "exhausted" means the same as it would in administrative law, which requires proper exhaustion. Id. at 93. This serves that purpose of the PLRA to provide the prison a fair opportunity to consider the grievance by requiring the prisoner to comply with the system's critical procedural rules. Id. at 95.)

The Ninth Circuit has recognized other situations in which an inmate was excused from exhausting administrative remedies. See Nunez v. Duncan, 591 F.3d 1217, 1224 (9th Cir. 2010) (inmate's failure to exhaust was excused where he "took reasonable and appropriate steps to exhaust his . . . claim and was precluded from exhausting, not through his own fault but by the Warden's mistake"); Sapp v. Kimbrell, 623 F.3d 813, 823 (9th Cir. 2010) (improperly screening out inmate grievance renders administrative remedies effectively unavailable).

Most recently in Ross, the Supreme Court held that an inmate need not exhaust remedies if they are not "available." 136 S. Ct. 1850. "An inmate, that is, must exhaust available remedies, but need not exhaust unavailable ones." Ross, 136 S. Ct. at 1858. "[T]hat limitation on an inmate's duty to exhaust. . . has real content. As we explained in Booth, the ordinary meaning of the word 'available' is 'capable of use for the accomplishment of a purpose,' and that which 'is accessible or may be obtained.' " Id. (citations omitted). "Accordingly, an inmate is required to exhaust those, but only those, grievance procedures that are 'capable of use' to obtain 'some relief for the action complained of.' " Id. (quoting Booth, 532 U.S. at 738.)

Ross recognized three circumstances in which administrative remedies that are on the books may not be capable of use to obtain relief. 136 S. Ct. at 1859. First, where it operates as a simple dead end with officers unable or consistently unwilling to provide any relief to aggrieved inmates. Id. "When the facts on the ground demonstrate that no such potential exists, the inmate has no obligation to exhaust the remedy." Id. Second, an administrative remedy might be so opaque that it is incapable of use. Id. This occurs where there is a system in place, but no

ordinary prisoner can discern or navigate it.  Id.  Finally, the administrative process is unavailable when prion administrators thwart inmates from taking advantage of the process through machination, misrepresentation, or intimidation.  Id. at 1860.

The Court agrees with Defendant that an inmate is required to exhaust the administrative process regardless of the relief requested and that an inmate cannot bypass the process merely by stating that he cannot receive any relief through the administrative grievance process.  With this framework in mind, the Court proceeds to consider Defendant's request for reconsideration.

### B. Burden Shifting

Defendant argues that Plaintiff has not met his burden of showing that the process was not available or that any of the three instances that would excuse exhaustion existed.  Plaintiff counters that there is evidence that jail staff interfered with his ability to access the grievance process by not providing him with an inmate handbook, refusing to accept his grievance forms, telling him he could not grieve retaliation, and forging his signature on the forms stating that he was withdrawing his grievances.  Further, Plaintiff argues that there is evidence in the record that he was not competent to pursue the administrative grievance process.

In Albino, the Ninth Circuit reversed the district court's granting of summary judgment for failure to exhaust.  Albino had been arrested on charges of rape and alleged that deputies failed to protect him from the other inmates causing him to be attacked three separate times.  Albino, 747 F.3d at 1166-67.  The inmate submitted a declaration that he was not provided with an orientation when he was brought to the jail, never saw a manual describing the complaint procedures, never saw complaint forms or a complaint box, and when he asked for help he was told by deputies that he should talk to his attorney.  Id. at 1167.  The defendants moved for summary judgment presenting evidence that there was an accessible administrative procedure for seeking redress of grievances and that the inmate did not exhaust his remedies under that procedure.  Id. at 1168.  The district court granted summary judgment for failure to exhaust.  Id.

On appeal, the Ninth Circuit held that the appropriate device for determining whether administrative remedies have been exhausted is a motion for summary judgment, reversing

Wyatt v. Terhune, 315 F.3d 1108 (9th Cir. 2003).[2] Albino, 747 F.3d at 1168-69. The defendant has to "plead and prove" that the inmate failed to exhaust administrative remedies under 42 U.S.C. § 1997e(a), and if there is a genuine dispute about material facts summary judgment will not be granted. Id. at 1169. The Ninth Circuit provided guidance to district courts by describing the procedure that would best achieve the purposes of exhaustion in PLRA cases consistent with the Federal Rules. Id.

The defendant has the burden to prove that there was an available administrative remedy and that the inmate did not exhaust that available remedy. Albino, 747 F.3d at 1172. Once the defendant carries that burden, "the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Id. However, the ultimate burden of proof remains with the defendant. Id.

Defendant contends that the Court improperly applied the burden shifting in this instance to deny summary judgment. Here, the Court found that Defendant met his initial burden of presenting evidence that the administrative process was available and Plaintiff filed a grievance that was denied as untimely, Plaintiff did not appeal the denial, and ultimately Plaintiff withdrew his grievance against Defendant Veloz and therefore, the burden shifted to Plaintiff to demonstrate a genuine dispute of fact. (Order Denying Defendant's Motion for Summary Judgment 18:21-27, ECF No. 125.) Defendant argues that Plaintiff's response that he was not required to exhaust his administrative remedies because there were no administrative remedies that he could receive is insufficient to shift the burden back to him. However, the Court noted that "Plaintiff contends that Defendant has 'not put forth one single remedial action that could have been taken to address' his grievance." (Id. at 19:2-3.)

Upon review of the evidence proffered by Defendant in support of the motion for summary judgment, the Court found that there was no evidence of any remedial action that could have been taken to address Plaintiff's grievance. Defendant argues that his burden is "very low"

---

[2] The court did recognize that there were rare circumstances where failure to exhaust would be clear from the face of the complaint and a defendant could move to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim. Albino, 747 F.3d at 1169.

to demonstrate the inmate failed to exhaust administrative remedies, but this same "very low" burden would apply to Plaintiff in creating genuine dispute of fact.

Here, Plaintiff had argued the absence of any evidence presented by Defendant to demonstrate that Plaintiff could receive any relief through the administrative process. The Court found that this absence of evidence in the record was sufficient to shift the burden back to Defendant. A genuine dispute of fact can be demonstrated by the presence of evidence or absence of any evidence to support the fact. Fed. R. Civ. P. 56(c)(1)(B). Since Defendant did not present evidence or point to any evidence in the record that Plaintiff could have received any relief through the administrative process, the Court found that Defendant had not met his ultimate burden of proof and the motion was denied. Albino, 747 F.3d at 1172.

In the current motion for reconsideration, Defendant argues that a grievance could have been sustained or not sustained or there could have been an investigation and points to such evidence in the record. Reviewing the evidence Defendant is now addressing in the motion for reconsideration, the declaration of Lt. Russell Duran described the availability of the administrative process. (ECF No. 114-4 ¶¶ 29-60.) Lt. Russell did state that inmate grievances are either sustained or not sustained. (Id. at ¶ 50.) In finding that inmates are required to properly comply with the grievance process, the Supreme Court and the Ninth Circuit have both recognized that an inmate can receive some relief from the very fact of being heard through the grievance process which can mollify passions. Booth, 532 U.S. at 737; Ngo, 548 U.S. at 116 (concurring opinion); Brown, 422 F.3d at 936.

Defendant has presented evidence that there was a grievance process available at FCJ through which Plaintiff could have had his allegations addressed and either sustained or not sustained. Under Booth and its progeny the availability of the administrative process requires Plaintiff to properly file a grievance in order to exhaust his administrative remedies prior to bringing suit in federal court. Ross, 136 S. Ct.at 1856; Ngo, 548 U.S. at 85; Brown, 422 F.3d at 935; McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002). Further, Ross made it clear that district courts cannot create special circumstances to excuse an inmate's failure to exhaust. Ross, 136 S. Ct. at 1858. Therefore, Plaintiff had to properly file an administrative grievance in

1 compliance with FCJ's administrative process to exhaust his claims in this action.

2 Here, Defendant has proffered evidence that the process was available and Plaintiff was required to exhaust administrative remedies prior to filing suit unless an exception to the exhaustion requirement existed. The Court therefore considers whether an exception to the exhaustion requirement existed that excused Plaintiff from complying with FCJ's administrative grievance procedures.

**C.     Exception to the Exhaustion Requirement**

In opposition to the motion for reconsideration, Plaintiff argues that the administrative process was unavailable to him. In his reply, Defendant Veloz contends that the issues that Plaintiff alleges create an issue of material fact have already been decided by the Court to be undisputed.

The Court disagrees with Defendant that the issues raised by Plaintiff have already been determined to be undisputed. The Court specifically noted in the December 6, 2017 order denying Defendant's motion for summary judgment that there was evidence in the record that could lead to a finding that the administrative process was unavailable to Plaintiff. The Court shall exercise its discretion to address this argument although it is argued for the first time in the motion for reconsideration. Novato Fire Prot. Dist. v. United States, 181 F.3d 1135, 1141 n.6 (9th Cir. 1999). Plaintiff points to evidence that if found to be credible presents multiple grounds to find that the administrative process was unavailable. The Court shall address each in turn.

1.     Whether FCJ Officials Thwarted Plaintiff's Access to Grievance Process

Defendant argues that since the Court found that Plaintiff obtained a grievance form, filled it out, signed and filed it, received a response rejecting the grievance as untimely and did not appeal the rejection this lawsuit is precluded. The Court construes Defendant to argue that even if Plaintiff was thwarted from filing a timely grievance he eventually was able to file an untimely grievance and therefore he should have appealed the denial. The Court is not persuaded by this argument. See Cato v. Darst, 2015 WL 4456097, at *7-8 (E.D. Cal. July 20, 2015) (citations omitted). If FCJ officials refused to accept Plaintiff's grievance form thwarting his attempts to pursue his grievance, then Plaintiff was not required to file additional grievances.

12

See Cato, 2015 WL 4456097, at *7-8; Garcia v. Hobmeier, No. 114CV00625LJOSABPC, 2017 WL 3172993, at *6 (E.D. Cal. July 26, 2017), report and recommendation adopted, No. 114CV00625LJOSABPC, 2017 WL 3670922 (E.D. Cal. Aug. 25, 2017), order amended and superseded, No. 114CV00625LJOSABPC, 2017 WL 3868390 (E.D. Cal. Sept. 5, 2017), and report and recommendation adopted, No. 114CV00625LJOSABPC, 2017 WL 3868390 (E.D. Cal. Sept. 5, 2017).

A circumstance that makes the administrative process unavailable occurs when prion administrators thwart inmates from taking advantage of the process through machination, misrepresentation, or intimidation. Ross, 136 S. Ct. at at 1860. The Ninth Circuit has held that where prison officials improperly failed to process a timely filed grievance the prisoner is deemed to have exhausted his administrative remedies because his attempts to exhaust were thwarted by the prison officials making the process unavailable. Andres v. Marshall, 867 F.3d 1076, 1079 (9th Cir. 2017).

In Albino, the Ninth Circuit found that the inmate had not been provided with an available administrative remedy where he was not provided with a manual describing the procedure for handling inmate complaints, an adequate supply of inmate complaint forms were available but had to be requested by the inmate and were never provided to the inmate despite his complaints, the inmate was not told that he could write his complaint out on a piece of paper and hand it to a deputy, and was told that it was his defense attorney's job to protect him from attacks in jail. Albino, 747 F.3d at 1177. While the circumstances Plaintiff alleges here are not as severe as those in Albino, Plaintiff has presented evidence sufficient to meet his burden to create a genuine issue of material fact as to whether administrative remedies were available due to the actions of jail officials.

Plaintiff presented evidence that the incident alleged occurred shortly after he arrived at Fresno County Jail ("FCJ") on January 21, 2014. (Statement of Undisputed Fact ("U.F.") 2, 3, ECF No. 125 at pp. 2-3.) Although Defendant contends that Plaintiff was provided with an inmate handbook that described the inmate grievance process, Plaintiff stated that he did not receive an inmate handbook when he was booked into FCJ because the jail ran out due to

overcrowding. (ECF No. 122-3 at 3.) Defendant did not present any evidence to dispute Plaintiff's assertion that he never received an inmate handbook.

Plaintiff stated that he had never submitted a grievance before or challenged a grievance so he was unfamiliar with the process. (ECF No. 122-3 at 3.) Plaintiff stated that FCJ staff refused to accept a grievance from him so his family submitted one through internal affairs. (Id. at 4.) FCJ staff told Plaintiff that he could not grieve retaliation and refused to accept his grievance. (Id. at 5.) Plaintiff alleges that Defendant Veloz told him to stop the grievance process or more harm would come to him and asked what he would take as a bribe in exchange for dropping his grievance. (Id. at 5.) While Defendant argues that the findings in the order denying the motion for summary judgment resolved these issues, although there may have been a process available, the Court specifically declined to address the issue as to whether actions of the jail officials made administrative remedies unavailable by thwarting Plaintiff's attempts to access process. Therefore, the Court rejects the argument that the undisputed facts in the order denying the motion for summary judgment resolved whether Plaintiff was obstructed by jail officials from pursuing the grievance process.

The disputed factual issues as to whether Plaintiff was provided with an inmate handbook, whether jail officials refused to accept his grievances, whether Plaintiff attempted to grieve the alleged acts through Internal Affairs, and whether Defendant Veloz threatened Plaintiff and offered him a bribe to drop his grievance are sufficient to preclude summary judgment on the ground of failure to exhaust. The Court shall grant Defendant's request for an Albino hearing to receive evidence on these issues.

2. Whether Plaintiff Withdrew Grievance

Plaintiff argues that whether Plaintiff withdrew his grievance is a disputed fact. Defendant responds that it is undisputed that Plaintiff withdrew his grievance. However, Plaintiff stated that he never withdrew his grievance or signed to withdraw it. (ECF No. 123-3 at 5.) In the order addressing the motion for summary judgment, the Court held that it would consider those portions of Plaintiff's discovery responses which were verified as Plaintiff could

14

proffer the testimony at trial based on his personal knowledge.[3]  (ECF No. 125 at 17.)  Plaintiff's statement that he never withdrew his grievance or signed to withdraw it is admissible evidence that needs to be assessed by the trier of fact and is not to be disregarded on summary judgment. Nigro v. Sears, Roebuck & Co., 784 F.3d 495, 499 (9th Cir. 2015).  There is a genuine dispute of fact as to whether Plaintiff withdrew the grievance against Defendant Veloz.

The issue of whether Plaintiff withdrew his grievance is a disputed fact that shall be addressed at the Albino hearing.

### 3.     Plaintiff's Competency

Plaintiff argues that there is sufficient evidence in the record to raise the issue of his competency at the time of exhaustion.  He cites to his state habeas petition and this Court's order appointing counsel as he had been declared incompetent in his state criminal action.  Defendant responds that the undisputed evidence flatly contradicts Plaintiff's contention that compliance with the grievance process was beyond his capacity at the time exhaustion was required.

Plaintiff cites Weiss v. Barribeau, 853 F.3d 873 (7th Cir. 2017), in support of his contention that he was not required to exhaust administrative remedies.[4]  In Weiss, during the time period that the inmate was required to exhaust his administrative remedies, he claimed that he was being treated for mental illness and was being heavily medicated with mind altering psychotropic medication that impaired his ability to write or get the proper information of the grievance forms.  Weiss, 853 F.3d at 874-75.  He had been transferred to a mental health center that did not have the required grievance forms and the procedures were too numerous and ambiguous for him to comply with.  Id. at 875.  The district court did not hold an evidentiary hearing, but granted the defendant's motion for summary judgment.  Id.  The Seventh Circuit reversed finding that dismissal was premature where an inmate is suffering from a serious mental

---

[3] In his reply, Defendant contended that the original responses did not include a response No. 44.  Therefore, response No. 44 was not considered in deciding the motion for summary judgment.  (ECF No. 123 at p. 4 n.2.)

[4] Plaintiff also cites to Hernandez v. Dart, 814 F.3d 836, 843 (7th Cir. 2016).  In Hernandez, the district court was addressing the the defendants' failure to inform the prisoner of the grievance process.  Hernandez, 814 F.3d at 839.  The prisoner had suffered serious physical injuries, but there were no mental impairments addressed in the opinion.  The Seventh Circuit held that the failure to inform the prisoner of the grievance process made it unavailable and he was not required to exhaust.  Id. at 843.

illness during the time that he was supposed to be exhausting his administrative remedies; and the defendants had failed to explain how he could have exhausted while suffering a mental breakdown requiring hospitalization. Id. Given the questionable state of his mental stability, the court had no confidence that administrative remedies were actually available to the inmate. Id.

However, none of the facts that caused the Seventh Circuit to question whether the inmate had administrative remedies available in Weiss are present here. Although Plaintiff was found to be incompetent in his criminal case, it was not until almost two years after the period to exhaust administrative remedies in this matter had passed. (ECF Nos. 84-86.) Similarly, Plaintiff points to the habeas petition filed on March 16, 2016, but this was also drafted several years after the time to file his administrative grievance had expired. (ECF No. 91.)

Unlike the inmate in Weiss, there is no evidence that Plaintiff was suffering from a serious mental illness in January 2014. Plaintiff was housed at FCJ in the general population. On January 26, 2014, Plaintiff was housed on the F-POD, NJ 3rd floor. (Decl. of Tony Veloz ¶¶ 14, 17; Incident Report of January 26, 2014, at 21:47 by Fong Xiong, ECF No. 114-4 at 17.) Following the inmate assault on January 26, 2014, Plaintiff was transferred to NJ 2nd floor. (Decl. Lt. Russell Duran ¶ 27; Incident Detail of January 26, 2014 at 21:47 by Fong Xiong, ECF No. 114-4 at 17; Incident Report of January 27, 2014 at 04:10 by Roger Oliver, ECF No. 114-4 at 19.) Plaintiff has presented no evidence that he was receiving mental health treatment or was prescribed any medications that interfered with his ability to communicate.

Plaintiff has presented no evidence that he was not competent in January or February 2014 when he was required to exhaust administrative remedies for the claims at issue in this action.

Further, the evidence in the record demonstrates that Plaintiff had the mental capacity to understand and pursue grievances in January of 2014.[5] Plaintiff was able to obtain and adequately complete multiple administrative grievances which he filed two days after the time

---

[5] Defendant also argues that was able to coordinate and file this lawsuit against Defendant Veloz during this time period, however this lawsuit and the pleadings were pursued by Plaintiff's family. (See ECF Nos. 1, 7, 8, 9, 10, 16, 18, 19, 20.) Therefore the ability to coordinate and file this lawsuit does not demonstrate Plaintiff's competency at the time that the action was filed.

period to grieve the incidents alleged here expired. (ECF No. 114-4 at 21-45.) Specifically on February 7, 2014, Plaintiff submitted grievances. (ECF No. 114-4 at 21, 24, 27, 29, 31.) Upon review of these grievances, Plaintiff was articulate and was able to describe the details of the alleged problem or event and the relief he was requesting as required by the grievance procedures. (Decl. Lt. Russell Duran ¶ 43.)

Plaintiff has failed to meet his burden to demonstrate that a genuine issue of material fact exists as to his mental competency to exhaust administrative remedies in January and February of 2014.

## III.
## CONCLUSION AND ORDER

The Court finds that material disputes of fact exist regarding whether Plaintiff exhausted all administrative remedies before filing the complaint in this action and Defendant's motion for summary judgment is HEREBY DENIED.

In order to resolve the disputes of fact identified in this order, the Court sets an <u>Albino</u> evidentiary hearing before Magistrate Judge Stanley A. Boone on April 10, 2018, at 9:00 a.m. in Courtroom 9.[6]

IT IS SO ORDERED.

Dated: **February 21, 2018**

UNITED STATES MAGISTRATE JUDGE

---

[6] The Court will separately issue a procedural order regarding the procedures for calling witnesses and related issues.